# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| D.C., *a minor by and through his Guardian Ad Litem, Helen Garter, on behalf of himself and all others similarly situated*,<br><br>Plaintiff,<br><br>v.<br><br>COUNTY OF SAN DIEGO; JESSIE POLINSKY CHILDREN'S CENTER; and SAN DIEGO COUNTY HEALTH AND HUMAN SERVICES AGENCY,<br><br>Defendants. | Case No.: 15cv1868-MMA (NLS)<br><br>**ORDER DENYING MOTION TO STAY CASE**<br><br>[Doc. No. 47] |

Plaintiff D.C., a minor, has filed this putative class action through his guardian ad litem pursuant to 42 U.S.C. § 1983, alleging Defendants violated his and putative class members' constitutional rights under the Fourth and Fourteenth Amendments to the United States Constitution. *See* Doc. No. 19. Defendant County of San Diego[1] now moves the Court to stay this action. *See* Doc. No. 47. The Court found the matter

---

[1] Defendant County of San Diego asserts it has been erroneously sued as A.B. and Jessie Polinksy Children's Center and San Diego County Health and Human Services Agency. Only Defendant County of San Diego brings this motion to dismiss. Any further reference to "Defendant" refers to the movant, Defendant County of San Diego.

1

suitable for determination on the papers and without oral argument pursuant to Civil Local Rule 7.1(d)(1). For the following reasons, the Court **DENIES** Defendant's motion to stay the case.

## BACKGROUND

Plaintiff contests the constitutionality of medical examinations conducted on children at Polinsky Children's Center ("Polinsky"), "a 24-hour facility for the temporary emergency shelter of children who are separated from their families." *See* First Amended Complaint ("FAC"), Doc. No. 19 ¶ 10. Specifically, Plaintiff alleges that in May 2014, the San Diego County Health and Human Services Agency ("HHSA"), an agency of Defendant San Diego County, determined that Plaintiff "had been injured while in the custody of his father, and that the injury was suspicious for child abuse." FAC ¶ 21. On August 20, 2014, Plaintiff alleges his mother, Katy Evans, was on a ship pursuant to her duties as a Petty Officer First Class in the United States Navy. The FAC states that a friend of Evans's, Wes Bowen, was caring for Plaintiff that day. Plaintiff was two years old at the time. While in Bowen's care, Plaintiff purportedly fell and scraped his forehead. Plaintiff alleges Bowen informed Evans immediately, and Evans contacted Defendant HHSA.

On August 21, 2014, Plaintiff alleges his father had a supervised visit with him during which the supervisor did not monitor his father adequately. Plaintiff contends that on August 22, 2014, he was examined by a child abuse specialist at the Chadwick Center for Children and Families. Chadwick Center is a "hospital-based child advocacy and trauma treatment center." *See* FAC ¶ 24. The specialist allegedly concluded Plaintiff's injuries to his forehead were likely caused by an accident, but found a small bruise behind his right ear which she found suspicious of child abuse because it was similar to the injury Plaintiff's father had inflicted on Plaintiff in May 2014. Plaintiff alleges that he was then removed from Evans's control and care.

On August 22, 2014, Plaintiff alleges he was taken to Polinsky and upon his arrival, he was given a "cursory 'wellness' check by staff" and placed into the general

population. *See* FAC ¶ 26. The next morning, Plaintiff contends he was subjected to a physical examination, including an external examination of his genitalia and rectum. He alleges that his mother was not notified of the examination, was not present for it, and did not consent to it. Plaintiff contends that there were no exigent circumstances to justify the examination, nor had the County or its agents obtained a court order or warrant.

Based on the examination at Polinsky, Plaintiff alleges a violation of his Fourth Amendment right to be free from unreasonable investigatory searches, and a violation of his Fourteenth Amendment right to family association. Plaintiff contends that Defendant County is liable to him and putative class members because Polinsky maintained, and may still maintain, a policy, custom, and practice of subjecting all children admitted to Polinksy to the same "22-point" physical examination that Plaintiff was subjected to within 24 hours of their admittance. *See* FAC ¶ 30. The FAC states that the County's policy, custom, and practice explicitly prohibits parents from attending the examinations, and that County physicians routinely conduct the examinations without first notifying the children's parents or legal guardians, and without a court order, warrant, or the presence of exigent circumstances.

## LEGAL STANDARD

"A district court has discretionary power to stay proceedings in its own court under *Landis v. North American Co.*" *Lockyer v. Mirant Corp.*, 398 F.3d 1098, 1109 (9th Cir. 2005) (citing *Landis v. North American Co.*, 299 U.S. 248, 254 (1936)). "The power to stay a case is 'incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants.'" *Halliwell v. A-T Sols.*, No. 13-CV-2014-H KSC, 2014 WL 4472724, at *7 (S.D. Cal. Sept. 10, 2014) (quoting *Landis*, 299 U.S. at 254). A district court may stay a case "pending resolution of independent proceedings which bear upon the case," even if those proceedings are not "necessarily controlling of the action before the court." *See Leyva v. Certified Grocers of California, Ltd.*, 593 F.2d 857, 863–64 (9th Cir. 1979). However, "[o]nly in rare circumstances will a litigant in one cause be compelled to stand

aside while a litigant in another settles the rule of law that will define the rights of both." *See Landis*, 299 U.S. at 255.

In determining whether to grant a stay pursuant to *Landis*, courts in the Ninth Circuit weigh the "competing interests which will be affected by the granting or refusal to grant a stay," including "the possible damage which may result from the granting of a stay, the hardship or inequity which a party may suffer in being required to go forward, and the orderly course of justice measured in terms of the simplifying or complicating of issues, proof, and questions of law which could be expected to result from a stay." *See Lockyer*, 398 F.3d at 1110 (quoting *CMAX, Inc. v. Hall*, 300 F.2d 265, 268 (9th Cir. 1962)).

However, judicial economy and case management concerns "standing alone [are] not necessarily [] sufficient ground[s] to stay proceedings." *See Dependable Highway Exp., Inc. v. Navigators Ins. Co.*, 498 F.3d 1059, 1066 (9th Cir. 2007); *Yong v. I.N.S.*, 208 F.3d 1116, 1119 (9th Cir. 2000) (stating "considerations of judicial economy . . . cannot justify [] indefinite, and potentially lengthy stay[s]"). Further, "if there is even a fair possibility that the stay for which [the movant] prays will work damage to some one else," the movant "must make out a clear case of hardship or inequity in being required to go forward." *See Landis*, 299 U.S. at 255; *Dependable Highway Exp., Inc.*, 498 F.3d at 1066. The Ninth Circuit has instructed that "being required to defend a suit, without more, does not constitute a 'clear case of hardship or inequity' within the meaning of *Landis*." *See Lockyer*, 398 F.3d at 1112. Also, courts in the Ninth Circuit have indicated that the potential harm of delaying a plaintiff injunctive relief weighs more heavily against granting a stay than the potential harm to a plaintiff seeking only monetary relief. *See Lockyer*, 398 F.3d at 1112; *I.K. ex rel. E.K. v. Sylvan Union Sch. Dist.*, 681 F. Supp. 2d 1179, 1191 (E.D. Cal. 2010) ("Delayed reception of ordinary money damages, however, is not a type of potential damage that is particularly weighty under a *Landis* analysis."); *Aldapa v. Fowler Packing Co., Inc.*, No. 115CV00420DADSAB, 2016 WL 6124216, at *1 (E.D. Cal. Oct. 20, 2016) ("[S]taying a suit seeking injunctive relief

4

against ongoing or future harm causes a more significant hardship against a plaintiff resisting a stay than a suit for damages.").

Lastly, "[a] stay should not be granted unless it appears likely the other proceedings will be concluded within a reasonable time in relation to the urgency of the claims presented to the court." *Leyva*, 593 F.2d at 864. "Generally, stays should not be indefinite in nature." *See Dependable Highway Exp., Inc.*, 498 F.3d at 1066. The Ninth Circuit has stated that even a stay that terminates "upon the 'resolution of [an] appeal'" has an indefinite term because the Supreme Court could grant certiorari to review the appellate court's decision, or the appellate court could remand to the district court for further proceedings. *Yong*, 208 F.3d at 1119. Thus, a district court should give due weight to the requested length of a stay in exercising their discretionary power to stay proceedings. *See id.*

## DISCUSSION

### A. Request for Judicial Notice

As an initial matter, Defendant requests judicial notice of the recently-filed opening brief in the appeal, *Mann v. County of San Diego*, Case No. 16-56657. A court may take judicial notice of matters of public record. *Lee v. City of Los Angeles*, 250 F.3d 668, 688-89 (9th Cir. 2001). (citing *Mack v. South Bay Beer Distrib.*, 798 F.2d 1279, 1282 (9th Cir. 1986) (internal quotations omitted). Because Plaintiff does not dispute the authenticity of the record and its existence is not subject to reasonable dispute, the Court **GRANTS** Defendant's request for judicial notice of the opening brief. *See* Fed. R. Evid. 201(d).

### B. Motion to Stay

Defendant moves the Court to stay this case in its entirety until the Ninth Circuit Court of Appeals decides an appeal from a similar case also contesting the constitutionality of an examination at Polinsky—*Mann v. County of San Diego*, 11cv0708-GPC (BGS). Defendant argues that the legal issues in *Mann* and this case are similar if not the same and thus, an opinion by the Ninth Circuit would be instructive or

controlling. Thus, Defendant argues a stay would promote judicial economy and save the parties time and resources. For example, the parties are currently taking depositions and preparing to litigate a motion for class certification. Also, Defendant argues that a stay might prevent inconsistent rulings at the district court level, as there are several cases pending in this district revolving around the constitutionality of medical examinations at Polinsky. Defendant states that it will request a stay in all of these pending cases. Also, Defendant assures the Court that staying the case until the Ninth Circuit issues a decision in *Mann* will not result in an unreasonably long delay because the appeal has already been filed, and as discussed above, the opening brief has been filed. Lastly, Defendant contends a stay will not prejudice Plaintiff because a "delay in obtaining solely monetary damages is not a basis for denying a stay request," and that Plaintiff only requests monetary relief. *See* Doc. No. 47-1, p. 8. Defendant argues that despite that Plaintiff requests injunctive relief in the FAC, Defendant "no longer conduct[s] [exams] without parental consent or presence, or an individualized court order." *See* Doc. No. 47-1, p. 8, n.1.

Plaintiff opposes Defendant's motion to stay. Plaintiff argues a stay would be prejudicial to him as well as the putative class members for several reasons. First, Plaintiff argues that the depositions that Plaintiff is currently taking "will provide information as to whether Plaintiff needs to move for injunctive relief." *See* Doc. No. 51, p. 2. Second, Plaintiff argues that if litigation is stayed, the contact information for absent putative class members will continue to grow stale, particularly considering that the examinations were conducted over the span of twenty years. Third, Plaintiff contends that a stay pending the Ninth Circuit's decision in *Mann* could last several years. Plaintiff notes that the Ninth Circuit's website states that typically, oral argument is held twelve to twenty months after a notice of appeal is filed, and after oral argument, the Ninth Circuit typically takes between three months and a year to issue a decision. He also notes the possibility of a petition for rehearing *en banc*, remand to the district court for decision on a specific issue, or appeal to the Supreme Court. Lastly, Plaintiff argues

1 | the delay may cause other issues such as standing and mootness issues like those that
2 | arose on appeal in *Camreta v. Greene*, 563 U.S. 692 (2011).

Further, Plaintiff argues Defendant does not face hardship if forced to continue with the litigation. Plaintiff argues litigation costs inherent to defending a lawsuit do not constitute the type of hardship contemplated under *Landis*, and also that Defendant exaggerates the amount of discovery left to be completed prior to litigation of class certification. Finally, Plaintiff contends judicial economy would not be served by a stay because all of the other judges in this district that have decided the issue have determined that the Polinsky examinations are unconstitutional. Plaintiff argues that Ninth Circuit precedent mandates such a result and thus, the Ninth Circuit's decision in *Mann* is unlikely to be in Defendant's favor. Also, Plaintiff argues that the issues on appeal will not significantly affect this Court's decision on whether to grant class certification.

After considering all of the parties' arguments, the Court finds a stay is not warranted at this stage for the following reasons. While Defendant is correct that the Ninth Circuit's decision in *Mann* is likely to at least clarify issues going forward in the instant case because of the substantial similarity between the two cases, the helpfulness and certainty of such a decision would be potentially undermined or prolonged by subsequent appeal to the Supreme Court, a potential *en banc* rehearing, or remand to the district court for reconsideration of an issue. Also, the Court agrees that the Court's decision regarding class certification is unlikely to be affected substantially by a decision regarding the merits of the underlying claims.

Further, other pertinent factors weigh against granting a stay. For example, there is potential for damage resulting from a stay. Defendant may be correct that delay in monetary recovery might not on its own constitute a sufficient reason to deny a motion to stay, but it does not follow that a delay in monetary recovery—particularly a delay as lengthy as is requested here—does not constitute even some damage to Plaintiff and putative class members. Also, Plaintiff argues that the contact information for putative class members continues to become outdated with time, indicating that there is a risk that

7

putative class members might not receive notice if a class is eventually certified. This could potentially result in denial of monetary recovery to those class members, as opposed to only delay. Further, Plaintiff requests injunctive relief in the FAC and indicates now that he still may seek injunctive relief going forward. Thus, because there is a "fair possibility" that a stay pending the Ninth Circuit's decision in *Mann* "will work damage" to Plaintiff and potentially putative class members, Defendant "must make out a clear case of hardship or inequity in being required to go forward." *See Landis*, 299 U.S. at 255.

Here, Defendant has not made out "a clear case of hardship or inequity" because Defendant relies almost exclusively on the cost and burden of defending a lawsuit in arguing it will suffer hardship. *See Landis*, 299 U.S. at 255. "[B]eing required to defend a suit, without more, does not constitute a 'clear case of hardship or inequity' within the meaning of *Landis*." *See Lockyer*, 398 F.3d at 1112. Aside from the burden of litigation, Defendant argues that a stay would protect it from the hardship of dealing with potentially inconsistent future rulings in currently pending cases in this district regarding Polinksy exams. Defendant assures the Court that it will request stays in those cases. However, the currently pending cases are all at different stages in the litigation, and thus, the judges presiding over those cases would likely weigh dissimilar considerations in determining whether to grant stays. Also, those judges would not be bound by the undersigned's decision on Defendant's motion to stay in this case. Accordingly, the Court finds Defendant's argument does not weigh strongly in favor of a stay, and that Defendant has not made out "a clear case of hardship or inequity" at this time. *See Landis*, 299 U.S. at 255.

Further, Defendant requests a stay of an indeterminate length with high potential to last an unreasonably long time. Based on the docket of the *Mann* appeal, while the notice of appeal was filed more than five months ago, only the County of San Diego's opening brief has been filed. The docket also indicates that both parties to the *Mann* appeal requested, and have been granted, approximately 30-day extensions of time to file

their respective briefs.  At this point, briefing is not set to conclude until late June 2017.  It does not appear that the Ninth Circuit has set a date for oral argument yet.  Accordingly, it is unclear when the Ninth Circuit will be able to issue a decision.

In sum, weighing the factors at play and considering the essentially indefinite nature of Defendant's requested stay, the Court is unconvinced that such a stay is warranted at this time.  For the foregoing reasons, the Court **DENIES** Defendant's motion for a stay without prejudice.  *See* Doc. No. 47.

**IT IS SO ORDERED.**

Dated: April 14, 2017

Hon. Michael M. Anello
United States District Judge