THOMAS E. MONTGOMERY, County Counsel
County of San Diego
By DAVID BRODIE, Senior Deputy (State Bar No. 156855)
    CHRISTINA SNIDER, Senior Deputy (State Bar No. 269107)
1600 Pacific Highway, Room 355
San Diego, California 92101-2469
Telephone: (619) 531-4871; (619) 531-6229
E-mail: david.brodie@sdcounty.ca.gov
E-mail: christina.snider@sdcounty.ca.gov

Attorneys for Defendant County of San Diego (also erroneously sued as "A.B. and Jessie Polinsky Children's Center" and "San Diego County Health and Human Services Agency")

## UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| D.C., a minor, by and through his Guardian Ad Litem, HELEN GARTER, on behalf of himself and all others similarly situated,<br><br>        Plaintiff,<br><br>   v.<br><br>COUNTY OF SAN DIEGO, A.B. AND JESSIE POLINSKY CHILDREN'S CENTER, SAN DIEGO COUNTY HEALTH AND HUMAN SERVICES AGENCY,<br><br>        Defendants. | No. 15-cv-01868-MMA-NLS<br><br>**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANT COUNTY OF SAN DIEGO'S OPPOSITION TO PLAINTIFF'S RENEWED MOTION FOR CLASS CERTIFICATION [ECF NO. 69]**<br><br>Date:   January 22, 2018<br>Time:  2:30 p.m.<br>Courtroom 3A (Schwartz)<br>Honorable Michael M. Anello |

///

///

///

///

///

///

///

///

///

15-cv-01868-MMA-NLS

# TABLE OF CONTENTS

Page

TABLE OF AUTHORITIES ...................................................................................... ii

I.      INTRODUCTION ...................................................................................... 1

II.     PROCEDURAL HISTORY ........................................................................ 2

III.    STATEMENT OF FACTS ........................................................................ 3

IV.     ARGUMENT .............................................................................................. 3

        A.      Plaintiff's Motion is Procedurally Improper Because Plaintiff Has Not
                Met the Elements of a Motion for Reconsideration or the Deadlines in
                the Court's Scheduling Order .......................................................... 3

        B.      The Court Should Not Certify a Liability-Only Class Because Plaintiff
                Has Not Proposed a Methodology for Determining Damages Classwide. ... 9

                1.      The Cases Cited By Plaintiff Do Not Support Certification Of A
                        Liability-Only Class Without Any Classwide Damages Model ......... 12

                2.      Plaintiff Offers No Model Or Methodology To Determine
                        Damages Classwide. ........................................................ 22

V.      CONCLUSION ........................................................................................ 25

15-cv-01868-MMA-NLS

# TABLE OF AUTHORITIES

Page(s)

**Cases**

*Alakozai v. Chase Inv. Servs. Corp.*, No. CV 11-09178 SJO (JCx), 2014 WL 5660697 (C.D. Cal. Oct. 6, 2014) ................................................................. 11

*Amador v. Baca*, 299 F.R.D. 618 (C.D. Cal. 2014) .................................................... 12, 13

*Amador v. Baca*, No. CV-10-1649 SVW, 2014 WL 10044904 (C.D. Cal. Dec. 18, 2014) ................................................................ 13, 14

*Armstrong v. Davis*, 275 F.3d 849 (9th Cir. 2001) ...................................................... 7

*Ballard v. Equifax Check Servs.*, 186 F.R.D. 589 (E.D. Cal. 1999) ................................. 8

*Berry v. Baca*, No. CV 01-02069 DDP (SHx), 2005 WL 1030248 (C.D. Cal. May 2, 2005) ...................................................................... 22

*Butler v. Sears, Roebuck & Co.*, 727 F.3d 796 (7th Cir. 2013) ........................... 13, 20, 21

*Campion v. Credit Bureau Servs.*, 206 F.R.D. 663 (E.D. Wash. 2001) .................... 12, 16

*Carroll v. Nakatani*, 342 F.3d 934 (9th Cir. 2003) .................................................... 5

*Cedano-Viera v. Ashcroft*, 324 F.3d 1062 (9th Cir. 2003) ........................................... 4

*Coopers & Lybrand v. Livesay*, 437 U.S. 463 (1978) ............................................... 7, 8

*Daniel F. v. Blue Shield*, No. C 09-2037 PJH, 2015 WL 3866212 (N.D. Cal. June 22, 2015) ..................................................................... 4

*Daniel F.*, 2015 WL 12964606 (N.D. Cal. May 21, 2015) ............................................. 5

*Doyle v. Chrysler Grp., L.L.C.*, 663 F. App'x 576 (9th Cir. 2016) ............. 12, 13, 14, 15

*English v. Apple Inc.*, No. 14-cv-01619-WHO, 2016 WL 1108929 (N.D. Cal. Mar. 22, 2016) .................................................................... 5

*Frlekin v. Apple Inc.*, 309 F.R.D. 518 (N.D. Cal. 2015) ............................................ 18

*Gustafson v. BAC Home Loans Servicing, LP*, No. SACV11915JLSANX, 2014 WL 10988335 (C.D. Cal. Feb. 5, 2014) ........................................................ 5

*Hayes v. Magnachip Semiconductor Corp.*, No. 14-cv-01160-JST, 2017 WL 512777 (N.D. Cal. Feb. 8, 2017) ................................................................. 4, 7

*In re Whirlpool Corp. Front-Loading Washer Prods. Liab. Litig.*, 722 F.3d 838 (6th Cir. 2013) ....................................................... 13, 20, 21

*Jacob v. Duane Reade, Inc.*, 293 F.R.D. 578, 602 F. App'x 3 (2d Cir. 2015) ............ 11-12

*Jimenez v. Allstate Ins. Co.*, 765 F.3d 1161 (9th Cir. 2014) ............................ 17, 20, 22-23

*Kamakahi v. Am. Soc'y for Reprod. Med.*, 305 F.R.D. 164 (N.D. Cal. 2015) ..... 14, 15, 16

*Kilbourne v. Coca-Cola Co.*, No. 14CV984-MMA (BGS), 2015 WL 10943610 (S.D. Cal. Sept. 11, 2015) ..................................................................... 6

*Kona Enters. v. Bishop*, 229 F.3d 877 (9th Cir. 2000) ............................................... 6

*Lanovaz v. Twinings N. Am., Inc.*, No. C-12-02646-RMW, 2014 WL 7204757 (N.D. Cal. Dec. 17, 2014) ................................................................. 5, 6

*Leyva v. Medline Indus.*, 716 F.3d 510 (9th Cir. 2013) ....................................... 16, 17

- ii -

*Lilly v. Jamba Juice Co.*, 308 F.R.D. 231 (N.D. Cal. 2014) ....................................... 18, 19

*Loritz v. Exide Techs.*, No. 2:13-cv-02607-SVW-E, 2015 WL 6790247
   (C.D. Cal. July 21, 2015) .......................................................................................... 9

*Makaeff v. Trump Univ., L.L.C.*, 309 F.R.D. 631 (S.D. Cal. 2015) ............................... 19

*McDowell v. Calderon*, 197 F.3d 1253 (9th Cir. 1999) ................................................. 9

*Moyle v. County of Contra Costa*, No. C-05-02324 JCS [Docket Nos. 35, 44],
   2007 WL 4287315 (N.D. Cal. Dec. 5, 2007) ...................................................... 14, 16

*Officers for Justice v. Civil Serv. Com.*, 688 F.2d 615 (9th Cir. 1982) ......................... 8

*Rahman v. Mott's L.L.P.*, 693 F. App'x 578 (9th Cir. 2017) ............................... 10, 15, 24

*Rahman v. Mott's L.L.P.*, No. 13-cv-03482-SI, 2014 WL 6815779
   (N.D. Cal. Dec. 3, 2014) .................................................................................. passim

*Richey v. Borough*, No. 3:14-cv-00170 JWS, 2015 WL 1962880
   (D. Alaska Apr. 30, 2015) ......................................................................................... 6

*Saavedra v. Eli Lilly & Co.*, No. 2:12-cv-9366-SVW (MANx), 2014 WL 7338930
   (C.D. Cal. Dec. 18, 2014) ....................................................................................... 11

*State of Nevada v. Watkins*, 914 F.2d 1545 (9th Cir. 1990) ......................................... 4

*Sch. Dist. No. 1J v. ACandS, Inc.*, 5 F.3d 1255 (9th Cir. 1993) .............................. 6, 19

*Slaven v. BP Am., Inc.*, 190 F.R.D. 649 (C.D. Cal. 2000) ............................................ 8

*Valenzuela v. Union Pac. R.R. Co.*, No. CV-15-01092-PHX-DGC, 2017 WL 1398593
   (D. Ariz. Apr. 19, 2017) ........................................................................................... 9

*Werdebaugh v. Blue Diamond Growers*, No. 12-CV-02724-LHK, 2014 WL 7148923
   (N.D. Cal. Dec. 15, 2014) .................................................................................. 11, 15

**Statutes**

28 U.S.C. § 1291 .............................................................................................................. 7
42 U.S.C. § 1983 ............................................................................................................ 21

**Rules**

Federal Rules of Civil Procedures
   Rule 23(b)(3) ................................................................................................... passim
   Rule 23(c)(1) ........................................................................................................... 8
   Rule 23(c)(1)(C) .............................................................................................. passim
   Rule 23(c)(4) ................................................................................................... passim
   Rule 60 .................................................................................................................... 8

15-cv-01868-MMA-NLS

# I.      INTRODUCTION

In an order dated November 7, 2017, the Court denied Plaintiff's motion seeking certification of a liability and damages class under Rule 23(b)(3) of the Federal Rules of Civil Procedure ("FRCP").  In response to that order, Plaintiff has filed what he calls a "renewed" motion for class certification.  Plaintiff's motion is in fact a disguised motion for reconsideration, which should be denied because he has not satisfied the requirements necessary to justify reconsideration of the Court's order.  Indeed, neither the law nor the circumstances have changed in any respect, and Plaintiff does not argue that the Court's prior order was incorrect.

In this motion, Plaintiff seeks certification of a liability-only class under FRCP 23(c)(4).  Authority in this circuit establishes, however, that a liability-only class may not be certified where there is no model or methodology available for determining damages on a classwide basis.  In denying Plaintiff's motion for class certification, the Court found that each member of the class would have to prove his or her damages on an individual basis and that emotional distress damages necessarily vary among individuals.  Because each of the 37,000 putative class members would have to prove his or her damages at a full-blown jury trial, Plaintiff cannot meet his burden of showing that certification of a liability-only class would materially advance disposition of the litigation as a whole.

Plaintiff attempts to downplay the need for individual damages trials, arguing that the Court can figure out at some unspecified date in the future how damages will be resolved.  Plaintiff offers a number of suggestions how damages might be determined at a later date, including bifurcation, appointment of a special master, splitting putative plaintiffs into subclasses, and hoping for settlement.  But none of these suggestions will eliminate the need for each individual plaintiff to prove his or her damages before a jury.  By definition, bifurcation into liability and damages phases will simply put the 37,000 damages trials off to a later date; it will not eliminate the need for such trials.  A special master cannot determine damages because the County has a due process right to present its individualized damages defenses to a jury.  The Court has already recognized that

15-cv-01868-MMA-NLS

subclasses cannot be utilized because emotional distress damages inherently vary by individual, not by categories of individuals.  Finally, the County has no interest in settling this case, and Plaintiff's hope that the case will settle is not sufficient to meet Plaintiff's burden.

Because there is no model or methodology available for determining damages on a classwide basis, Plaintiff cannot meet his burden of showing that certifying a liability-only class would materially advance resolution of the entire case.  For these reasons, the Court should deny Plaintiff's "renewed" motion for class certification.

## II.    PROCEDURAL HISTORY

On August 24, 2015, Plaintiff filed his complaint.  (Doc. No. 1.)  After the Court granted in part the County's motion to dismiss, Plaintiff filed a First Amended Complaint ("FAC") on February 19, 2016.  (Doc. Nos. 18, 19.)

On May 5, 2017, Plaintiff filed a motion for class certification, seeking certification of a liability and damages class under FRCP 23(b)(3).  (Doc. No. 60-1.)  The County filed an opposition to Plaintiff's motion.  (Doc. No. 63.)  For the first time in his reply, Plaintiff requested certification of a liability-only class under FRCP 23(c)(4) as an alternative to the liability and damages class that he sought to have certified in his moving papers.  (Doc. No. 65 at p. 12 n. 9.)

On November 7, 2017, the Court denied Plaintiff's motion because Plaintiff failed to prove that common questions predominate over individual questions as required by FRCP 23(b)(3).  (Doc. No. 68.)  The Court held that the putative class members' damages would vary greatly depending on the "specific experiences of individual class members."  *Id.* at 31:16-17.  "[P]roving injury to human dignity and emotional distress with respect to [the putative class] claims will vary from person to person."  *Id.* at 29:23-24.  This "individualized inquiry," the Court held, "would overwhelm the common damages questions, if any common damages questions exist at all."  *Id.* at 32:9-11.

The Court also rejected Plaintiff's argument that each putative class member could obtain "presumed" damages for their alleged injuries.  "It is unlikely that presumed

damages are applicable here because emotional distress damages could be determined."
*Id.* at 28:8-10 (citing *Norwood v. Bain*, 143 F.3d 843, 856 (4th Cir. 1998); *Baumgardner v. Secretary, United States Dep't of Hous. & Urban Dev.*, 960 F.2d 572, 581-83 (6th Cir. 1992); *Lewis v. Harrison Sch. Dist.*, 805 F.2d 310, 317 (8th Cir. 1986)).

## III.   STATEMENT OF FACTS

The parties recited extensive facts in their briefing on the original motion for class certification, as did the Court in its order denying class certification.  The County will repeat only selective facts in this Opposition and otherwise incorporates its prior briefing by reference.

## IV.   ARGUMENT

Plaintiff's motion should be denied on procedural grounds because it is not properly brought under Rule 23(c)(1)(C), which gives the Court discretion to modify certification orders but is not a mechanism to ask the Court to reconsider its earlier ruling denying certification.  Plaintiff cannot meet the elements necessary to justify the grant of a motion for reconsideration, which requires proof of changed circumstances or law, or clear error by the Court.  And Plaintiff filed his motion long after the deadline to file class certification motions set by the Court's scheduling order.

Plaintiff's motion should also be denied on the merits because Plaintiff has failed to offer any methodology or model that could determine damages on a classwide basis. Under Ninth Circuit authority – based on Supreme Court authority – a FRCP 23(c)(4) liability-only class without such a methodology or model cannot be certified.

> ### A.   <u>Plaintiff's Motion is Procedurally Improper Because Plaintiff Has Not Met the Elements of a Motion for Reconsideration or the Deadlines in the Court's Scheduling Order.</u>

In his original motion, Plaintiff sought certification of a damages and liability class under FRCP 23(b)(3).  That is also the only type of class action referred to in Plaintiff's complaint and FAC.  After the County filed an opposition pointing out that common issues of law and fact do not predominate because each plaintiff would have to prove his

- 3 -

or her damages individually before a jury, Plaintiff suggested for the first time in a footnote in his reply brief that the Court could also certify a liability-only class under FRCP 23(c)(4).  (Reply Brief, Doc. 65, at p. 12 n. 9.)  The Court issued an order denying Plaintiff's motion to certify a FRCP 23(b)(3) damages and liability class, without mentioning Plaintiff's belated request for certification of a liability-only class.[1]

Plaintiff's "renewed" motion asks the Court to overturn its order denying class certification and to certify a liability-only class under FRCP 23(c)(4).  Plaintiff contends that his motion is procedurally proper, citing FRCP 23(c)(1)(C).  Rule 23(c)(1)(C) states: "An order that grants or denies class certification may be altered or amended before final judgment."  However, Rule 23(c)(1)(C) does not allow a plaintiff to challenge an order denying class certification.  Rule 23(c)(1)(C) "does not reference ***motions*** to alter or amend class certification orders, and it is not a separate mechanism by which a party can seek reconsideration of a prior order relating to class certification.  Rather, it is simply a provision authorizing the court to alter or amend an order relating to class certification . . . ." *Daniel F. v. Blue Shield of California*, No. C 09-2037 PJH, 2015 WL 3866212, at *3 (N.D. Cal. June 22, 2015) (emphasis added).

Indeed, Rule 23(c)(1)(C) does not allow a plaintiff "to file a second class certification motion just because they received an unfavorable ruling on their first one." *Hayes v. Magnachip Semiconductor Corp.*, No. 14-CV-01160-JST, 2017 WL 512777, at *1 (N.D. Cal. Feb. 8, 2017).  "Rather, Rule 23(c)(1)(C) applies where '***subsequent developments***' warrant revisiting a class certification decision." *Id.* (emphasis added) (citing *Friend v. Hertz Corp.*, No. C-07-5222 MMC, 2014 WL 4415988, at *2 (N.D. Cal. Sept. 8, 2014) ("In the absence of subsequent developments warranting a revision, . . .the Court ordinarily has little reason to revisit the issue of the propriety of its original [class

---

[1] The Court properly refused to address Plaintiff's request raised for the first time in his reply brief. *See State of Nev. v. Watkins*, 914 F.2d 1545, 1560 (9th Cir. 1990) ("[Parties] cannot raise a new issue for the first time in their reply briefs." (citations omitted)); *Cedano-Viera v. Ashcroft*, 324 F.3d 1062, 1066 n. 5 (9th Cir. 2003) ("[W]e decline to consider new issues raised for the first time in a reply brief.")

15-cv-01868-MMA-NLS

certification] determination.")).  Here, there is simply no "subsequent development," let alone one that would justify modification of the Court's order denying class certification.

Similarly, "[r]econsideration of an original class ruling typically occurs as a result of a change in circumstances . . . ."  *Gustafson v. BAC Home Loans Servicing, LP*, No. SACV11915JLSANX, 2014 WL 10988335, at \*2 (C.D. Cal. Feb. 5, 2014) (citations omitted).  Without "materially changed or clarified circumstances, courts should not condone a series of rearguments on the class issues by either the proponent or the opponent of the class."  *Id.*  District courts that consider multiple class certification motions typically do so in order to narrow the class definition, typically on the court's own invitation.  *See Lanovaz v. Twinings N. Am., Inc.*, No. 12-cv-02646-RMW, 2014 WL 7204757, at \*1-2 (N.D. Cal. Dec. 17, 2014) (collecting cases).

Instead of relying on Rule 23(c)(1)(C), "courts in this circuit faced with motions to reconsider orders denying class certification have routinely applied the ***ordinary standards for reconsideration***."  *English v. Apple Inc.*, No. 14-CV-01619-WHO, 2016 WL 1108929, at \*5 (N.D. Cal. Mar. 22, 2016) (emphasis added) (collecting cases).  *See also* Newberg on Class Actions § 7:35 (5th ed. 2015) ("[C]ourts uniformly apply the stringent law of the case standard to motions to reconsider initial class certification decisions.") (internal footnotes omitted).  For example, after the district court in *Daniel F.* denied the plaintiff's motion for class certification, the plaintiff filed a "renewed motion" for class certification.  Before it would address the renewed motion, the court required the plaintiff to meet the elements of reconsideration.  *Daniel F.*, 2015 WL 12964606 at \*2 (N.D. Cal. May 21, 2015).  This Court should require the same.  *And see English v. Apple Inc.*, 2016 WL 1108929 at \*6 ("Nor has English shown that the Class Certification Order was clearly erroneous or manifestly unjust.")

Motions for reconsideration are an "extraordinary remedy, to be used sparingly in the interests of finality and conservation of judicial resources."  *Carroll v. Nakatani*, 342 F.3d 934, 945 (9th Cir. 2003) (citation omitted).  A party seeking reconsideration of a court's prior order must show (1) newly discovered evidence, (2) the court committed

1   "clear error or the initial decision was manifestly unjust," or (3) an intervening change in

2   controlling law.  *Sch. Dist. No. 1J v. ACandS, Inc.*, 5 F.3d 1255, 1263 (9th Cir. 1993)

3   (citations omitted).  And under the Local Rules, the party seeking reconsideration must

4   file an affidavit "setting forth the material facts and circumstances surrounding each prior

5   application, including inter alia: (1) when and to what judge the application was made,

6   (2) what ruling or decision or order was made thereon, and (3) what new or different facts

7   and circumstances are claimed to exist which did not exist, or were not shown, upon such

8   prior application."  L. Civ. R. 7.1.i.

9           Here, Plaintiff has not shown any of the grounds for reconsideration.  He does not

10  even argue that there is new evidence, that the Court erred, that the Court's decision was

11  manifestly unjust, or that the law has changed.  And he has not filed the required affidavit

12  under the Local Rules.

13          Instead, Plaintiff is merely presenting a new argument to the Court – that it should

14  certify a liability-only class – based on the same evidence that the Court considered on

15  the first motion for class certification.  However, a motion for reconsideration

16  "may *not* be used to raise arguments or present evidence for the first time when they

17  could reasonably have been raised earlier in the litigation."  *Kona Enters. v. Estate of*

18  *Bishop*, 229 F.3d 877, 890 (9th Cir. 2000) (emphasis in original).  A motion for

19  reconsideration is not a "vehicle for a party to undo its own procedural failures . . . ."

20  *Kilbourne v. Coca-Cola Co.*, No. 14CV984-MMA (BGS), 2015 WL 10943610, at *4

21  (S.D. Cal. Sept. 11, 2015) (citation omitted).  *See also Lanovaz*, 2014 WL 7204757,

22  at *2-3 (denying motion to reconsider denial of class certification where the plaintiff

23  presented no new facts or law but "simply a new legal argument plaintiff could have

24  raised in the original class certification motion"); *Richey v. Borough*, No. 14-cv-00170,

25  2015 WL 1962880, at *2 (D. Alaska Apr. 30, 2015) (denying class certification where

26  plaintiffs' new argument was "one that plaintiffs could have asserted in their original

27  briefing, but did not").

28  ///

Moreover, a new motion for class certification cannot be considered because the deadline for filing such a motion was May 5, 2017.  *See* Doc. 56.  Plaintiff has not sought modification of the Court's scheduling order, nor has he made any attempt to show good cause for such modification.  Plaintiff's renewed motion should be denied on this ground as well.  *See Hayes v. Magnachip*, 2017 WL 512777, at *1-2 (striking the plaintiff's second motion for class certification as untimely because it did not comply with the court's scheduling order, which set a deadline for the filing of a class certification motion and "did not contemplate successive class certification motions").

Plaintiff argues that his "renewed" motion is procedurally proper because class certification orders are "inherently tentative" and can be changed by the Court without proving the usual elements of a motion to reconsider.  (Ren. Mot. at pp. 6-7.)  But the cases cited by Plaintiff do not support his position that parties may file renewed motions to certify a class without meeting the elements of a motion for reconsideration.  The cases cited by Plaintiff simply state the general rule that a district court can alter or amend orders on class certification pursuant to Rule 23(c)(1)(C).  None of these cases involved a party asking the court to reverse its prior ruling without a change in circumstances, facts, or law.

For example, Plaintiff cites *Armstrong v. Davis*, 275 F.3d 849 (9th Cir. 2001), for the proposition that a court may revisit its certification decision throughout the litigation.  (Ren. Mot. at 6:20-23.)  That case, however, did not involve a request to certify a class after a motion for class certification had been denied.  Rather, the Ninth Circuit specified that a district court has broad power to make orders dealing with how the certified class action will be resolved.

Plaintiff also relies on *Coopers & Lybrand v. Livesay*, 437 U.S. 463 (1978), but that case also did not involve a party filing a second motion for class certification after its first one was denied.  The issue in *Coopers* was whether a court's denial of class certification was appealable as a "final judgment" under 28 U.S.C. § 1291.  The Supreme Court held that orders denying class certification are not immediately appealable.

15-cv-01868-MMA-NLS

*Coopers*, 437 U.S. at 477.  One basis for the Court's ruling was that Rule 23(c)(1) allows orders involving class certification to be altered or amended before the decision on the merits.  *Id.* at 469 n. 11.  The Supreme Court did not hold that Rule 23(c)(1) authorizes a party to file a renewed motion for certification without showing any changed circumstances, error by the court, or change in law.

Plaintiff's reliance on *Officers for Justice v. Civil Serv. Comm'n*, 688 F.2d 615 (9th Cir. 1982), is also misplaced.  In that case, the district court approved a class action settlement regarding discriminatory practices in a police department.  One plaintiff appealed, asking to be excluded from the class so he could bring his own individual damages claim.  The Ninth Circuit affirmed the judgment on several grounds, one of which was that the district court's decision to certify a class was not the same as a judgment on the merits of the case.  Citing the district court's need to "respond fluidly to the varying needs of particular cases," this Court noted that Rule 23(c)(1)(C) allowed the court to alter or amend its decision regarding certification.  *Id.* at 633.  Thus, this Court held, the district court's order regarding class certification is "not final or irrevocable, but rather, it is inherently tentative."  *Id.*  The Ninth Circuit ruled that the plaintiff's due process rights had not been violated because he had been given a chance to opt out of the class earlier, and he had chosen not to.  *Id.*  Thus, *Officers For Justice* did not involve a party filing a new or renewed motion to certify a class after its first motion had been denied.

Plaintiff also cites *Ballard v. Equifax Check Services, Inc.*, 186 F.R.D. 589, 593 n. 6 (E.D. Cal. 1999), and *Slaven v. BP America, Inc.*, 190 F.R.D. 649, 651 (C.D. Cal. 2000).  (Ren. Mot. at 7:1-3, n. 3.)  In both of these cases, the district court reconsidered its earlier certification order due to intervening changes in the law – a situation that is not present here.  Plaintiff also references FRCP 60, which allows a court to correct mistakes and clear errors of law.  (Ren. Mot. at p. 7.)  Plaintiff, however, does not contend that there was a mistake or error of law.

///

1    Plaintiff also cites *McDowell v. Calderon*, 197 F.3d 1253, 1255 n. 4 (9th Cir. 1999),

2    in which the Ninth Circuit noted that only a district court's failure to correct a "clear error"

3    of law could be an abuse of discretion.  But Plaintiff does not argue clear error here.

4    In sum, the cases Plaintiff cites do not support his argument that the Court can

5    reverse its certification ruling pursuant to Rule 23(c)(1)(C), and Plaintiff has not met the

6    required elements of a motion for reconsideration.  And Plaintiff's motion was filed long

7    after the deadline for such motions had passed.  Because Plaintiff's motion is procedurally

8    improper, it should be denied for that reason alone.

9    **B.    The Court Should Not Certify a Liability-Only Class Because Plaintiff**

10   **Has Not Proposed a Methodology for Determining Damages Classwide.**

11   Even if Plaintiff's "renewed" motion were procedurally proper, Plaintiff has not

12   met his burden of showing that certification of a liability-only class action under FRCP

13   23(c)(4) would materially advance disposition of the entire case.  *See Valenzuela v.*

14   *Union Pac. R.R. Co.*, No. CV-15-01092-PHX-DGC, 2017 WL 1398593, at *2 (D. Ariz.

15   Apr. 19, 2017) ("Plaintiffs bear the burden of establishing that the requirements of Rule

16   23(c)(4) have been met.")  Without a model or methodology for determining damages on

17   a classwide basis, the 37,000 full-blown jury trials necessary to determine damages

18   would overwhelm any benefits obtained from resolving liability questions on a classwide

19   basis.

20   Courts in the Ninth Circuit "**declin[e] to certify a liability-only class . . . where**

21   **plaintiffs utterly fail to show any model for calculating damages that (1) can be**

22   **applied classwide (even if the model will be used to make individualized**

23   **determinations) and (2) is tied specifically to the plaintiffs' theory of liability**."

24   *Loritz v. Exide Techs.*, No. 2:13-CV-02607-SVW-E, 2015 WL 6790247, at *23 (C.D.

25   Cal. July 21, 2015) (emphasis added).

26   *Rahman v. Mott's LLP*, No. 13-CV-03482-SI, 2014 WL 6815779 (N.D. Cal. Dec.

27   3, 2014) illustrates this point.  In that case, the plaintiff brought a class action lawsuit

28   alleging that the defendant sold a product mislabeled as "100% Apple Juice."  The

- 9 -

district court found that the plaintiff had shown predominance as to liability issues under Rule 23(b)(3) but not as to damages because he could not prove that damages could be "feasibly and efficiently [] calculated once the common liability questions are adjudicated."  2014 WL 6815779 at *8 (citing *Leyva v. Medline Indus. Inc.*, 716 F.3d 510, 514 (9th Cir. 2013)).

Despite these difficulties, the plaintiff in *Rahman* asked the court to certify a liability-only class under Rule 23(c)(4).  The court noted that Rule 23(c)(4) allows certifying as to particular issues "when appropriate," meaning "only where resolution of the particular common issues would materially advance the disposition of the litigation as a whole."  *Id.* (citing *Jacob v. Duane Reade, Inc.,* 293 F.R.D. 578, 589 (S.D.N.Y. 2013)).  The district court in *Rahman* found that the plaintiff did not have a workable plan to resolve damages.  *Id.* (noting that the plaintiff had failed to explain why a bifurcated proceeding would be more efficient or desirable, and that he was vague about how he intended to deal with the issue of damages after certification).  The court held that due to the unresolved damages questions, certifying a liability-only class would not "materially advance" resolution of the entire case under Rule 23(c)(4).  The court thus denied the plaintiff's motion to certify a liability-only class.  *Id.* at *9.

**The Ninth Circuit affirmed the district court's decision.**  The Ninth Circuit explained that the district court, "recognizing that certification of an *issues* class must materially advance resolution of the *entire* case . . . asked Rahman to provide supplemental briefing as to how damages would be resolved if the liability issues were certified and why certifying a liability-only class would materially advance the litigation."  *Rahman v. Mott's LLP*, 693 F. App'x 578, 579 (9th Cir. 2017) (emphasis in original).  The Ninth Circuit held that the district court did not err in concluding that the plaintiff had not met his burden of showing 1) how damages would be resolved if the liability issues were certified, or 2) why certifying a liability-only class would materially advance the litigation as a whole.  *Id.* at 580.

///

15-cv-01868-MMA-NLS

Other courts in the Ninth Circuit agree that liability-only classes under Rule 23(c)(4) may be certified only where the plaintiff offers a viable damages model that can determine damages classwide. For example, in *Saavedra v. Eli Lilly & Co.*, No. 2:12-CV-9366-SVW, 2014 WL 7338930 (C.D. Cal. Dec. 18, 2014), the district court declined to certify a liability-only class alleging drug mislabeling because the plaintiff's expert submitted a flawed damages methodology "inadequate to calculate damages even on an individual basis." And in *Alakozai v. Chase Inv. Servs. Corp.*, No. CV 11-09178 SJO JCX, 2014 WL 5660697 (C.D. Cal. Oct. 6, 2014), a group of financial advisors brought a class action lawsuit alleging labor code violations, including lack of payment for overtime work. The district court declined to certify the class because the requirements of Rule 23 were not met. The plaintiff then asked the court to certify a liability-only class under Rule 23(c)(4), but the court denied the request, in part because the plaintiff did not present a method for determining damages on a classwide basis. *Id.* at *21 and *18 ("Even if Plaintiffs were able to prevail at the liability phase of trial by proving that CISC misclassified the Advisors, they offer no methodology for avoiding a burdensome and 'fact-intensive, individual analysis' with regard to damages."). *See also Werdebaugh v. Blue Diamond Growers*, No. 12-CV-02724-LHK, 2014 WL 7148923, at *14 and *id.* n. 9 (N.D. Cal. Dec. 15, 2014) (granting motion to decertify damages class because of flawed damages model, and declining to "reserve damage calculations for later" because the plaintiff "provided no reason why bifurcation of liability and damages would be appropriate" given his failure to show that damages can be "determined and attributed to plaintiff's theory of liability" on a classwide basis).

Even in the Second Circuit, where courts are much more willing to certify liability-only classes under Rule 23(c)(4), Plaintiff's motion would be denied because of the failure to present a damages model. "[W]here … noncommon issues [such as the damages issues in this case] are too unwieldy or predominant to be handled adequately on a class action basis, bifurcation or limited certification under Rule 23(c)(4) is

///

- 11 -

inappropriate." *Jacob v. Duane Reade, Inc.*, 293 F.R.D. at 589, *aff'd*, 602 F. App'x 3 (2d Cir. 2015) (quotations and citations omitted).

As discussed in detail below, there is no methodology or model available for determining damages on a classwide basis.  Emotional distress damages are inherently individual, and the only way they can be proved/defended is through separate jury trials. Because 37,000 full-blown jury trials would be needed in this case, Plaintiff cannot meet his burden of showing that certification of a liability-only class would advance resolution of the entire case.

### 1.     The Cases Cited By Plaintiff Do Not Support Certification Of A Liability-Only Class Without Any Classwide Damages Model.

In support of his motion, Plaintiff cites a few district court cases certifying liability-only class actions under FRCP 23(c)(4) where there was no model or methodology of calculating damages on a classwide basis.  (Ren. Mot. at 7-8, citing *Amador v. Baca*, 299 F.R.D. 618 (C.D. Cal. 2014), *Kamakahi v. Am. Soc'y for Reprod. Med.*, 305 F.R.D. 164 (N.D. Cal. 2015), and *Campion v. Credit Bureau Servs., Inc.*, 206 F.R.D. 663 (E.D. Wash. 2001).)  None of those cases help Plaintiff because they predate the Ninth Circuit's decision in *Doyle v. Chrysler Grp., LLC*, 663 F. App'x 576, 579 (9th Cir. 2016).  In that case, the Ninth Circuit clarified that its statement in prior cases that individualized damages questions cannot defeat class certification was limited to situations where a common model or methodology could be used to calculate damages on a classwide basis.  The Ninth Circuit explained as follows:

> In *Comcast Corp. v. Behrend*, the Supreme Court explained that to satisfy the Rule 23(b)(3) predominance requirement, damages must be "capable of measurement on a classwide basis."  In interpreting *Comcast*, we have stated, 'A methodology for calculation of damages that cannot produce a class-wide result is not sufficient to support certification. *Jimenez v. Allstate Ins. Co.*, 765 F.3d 1161, 1167 (9th Cir. 2014) (citing *Comcast*, 133 S.Ct. at 1434-35), *cert denied*, 135 S. Ct. 2835, 192 L. Ed. 2d 886 (2015).  The proposed damages model must measure only the damages that are attributable to the theory of liability.  **Although Doyle is correct that our court has emphasized that "the need for individualized findings as to**

- 12 -

**the amount of damages does not defeat class certification,"** *Vaquero v. Ashley Furniture Indus., Inc.*, **824 F.3d 1150, 1155 (9th Cir. 2016) (citing** *Leyva*, **716 F.3d at 514;** *Jimenez*, **765 F.3d at 1167), it has applied this understanding in cases where there existed a common methodology for calculating damages.** *See, e.g., Leyva*, 716 F.3d at 514 ("Medline's computerized payroll and time-keeping database would enable the court to accurately calculate damages and related penalties for each claim."); *Pulaski & Middleman, LLC v. Google, Inc.*, 802 F.3d 979, 989 (9th Cir. 2015) ("Pulaski's principal method for calculating restitution employs Google's Smart Pricing ratio, which . . . sets advertisers' bids to the levels a rational advertiser would have bid if it had access to all of Google's data . . . ."). In those cases, 'damages could feasibly and efficiently be calculated once the common liability questions are adjudicated.' *Leyva*, 716 F.3d at 514.

*Id.* at 579 (emphasis added, internal brackets omitted).

Thus, the district court cases upon which Plaintiff relies are not persuasive because they were based on the mistaken belief that the Ninth Circuit had concluded that individualized damages questions cannot defeat class certification even where there is no common methodology of calculating damages on a classwide basis. In *Doyle*, the Ninth Circuit clarified that this was not the case. None of the district court cases upon which Plaintiff relies was decided after *Doyle*.

*Amador*, *Kamakahi*, and *Campion* are distinguishable on other grounds as well. In *Amador*, the district court certified a liability class of female inmates who were strip-searched. The court held that even though the class members' damages might vary, a liability-only class was appropriate. *Amador*, 2014 WL 10044904 at *8. In so holding, the court changed its earlier ruling (at 299 F.R.D. 618 (C.D. Cal. 2014)), in which it had declined to certify a liability-only class. In its decision reconsidering its prior order, the court found there was a change in the law concerning certifying liability-only classes. *Amador*, 2014 WL 10044904 at *8–9 (citing *Jimenez*, 765 F.3d at 1168 ("disparities in how much or by how much [the plaintiffs] were harmed did not defeat class certification")). The court also relied on two out-of-circuit opinions, *In re Whirlpool,* 722 F.3d 838 (6th Cir. 2013), and *Butler v. Sears Roebuck and Co.,* 727 F.3d 796 (7th Cir. 2013), which held that disparities in damages do not defeat certification of an issues-only

15-cv-01868-MMA-NLS

1   class.  However, as shown above, the Ninth Circuit clarified in *Doyle* that *Jimenez* does

2   not support an argument that certification of a liability-only class is appropriate where

3   there is no model or methodology available to determine damages on a classwide basis.

4         In addition, the court in *Amador* noted the concern that "[i]ndividual trials could

5   overwhelm counsel and the court" – but the court believed that "most cases would likely

6   settle after a few were litigated."  2014 WL 10044904 at *8.  Here, there is no evidence

7   that the case will settle.  The court in *Amador* also expressed its belief that certification of

8   a liability-only class would "facilitate global resolution" (*id.*), though the court did not

9   state any reason supporting its belief.

10         *Kamakahi* and *Moyle v. Cty. of Contra Costa*, No. C-05-02324 JCS, 2007 WL

11   4287315 (N.D. Cal. Dec. 5, 2007), were both authored by the same magistrate judge, and

12   both cases misinterpret the rule in the Ninth Circuit (explained in *Doyle*) that differences

13   in damages between plaintiffs does not defeat class certification **if** a viable methodology

14   for determining damages classwide exists.

15         In *Kamakahi*, women who donated eggs through fertility clinics and donation

16   agencies alleged that the guidelines of two medical societies constituted unlawful price-

17   fixing in violation of antitrust laws.  Although the plaintiff proposed a damages model,

18   the district court found that the plaintiffs' expert report did not reliably show that

19   damages could be determined on a classwide basis.  *Kamakahi*, 305 F.R.D. 164, 179

20   (N.D. Cal. 2015).  The court nonetheless certified a liability-only class.  But in doing so,

21   the court cited only the first part of the standard rule:  "In this circuit . . . damage

22   calculations alone cannot defeat certification."  *Id.* at 186-87 (citing *Leyva,* 716 F.3d at

23   513).  The court did not mention the second part of the rule, which the Ninth Circuit

24   clarified in *Doyle*: "[The Ninth Circuit] has applied this understanding [that the need for

25   individualized findings as to the amount of damages does not defeat class certification] in

26   cases where there existed a common methodology for calculating damages."  *Doyle*, 663

27   F. App'x at 579 (quotations and citations omitted).  Thus, the court in *Kamakahi*

28   ///

- 14 -

1  misinterpreted the rule in the Ninth Circuit concerning the necessity for a common
2  methodology for calculating damages.

3      In addition, the court in *Kamakahi* misinterpreted Rule 23(c)(4).  The court found
4  that the rule in the Ninth Circuit was that "[w]here the only bar to predominance is that
5  calculation of damages is not feasible on a class-wide basis, a court in this circuit ***must***
6  certify the class to determine liability class-wide."  *Id.* at 187 (emphasis added), citing
7  *Jimenez*, 765 F.3d at 1164.  The court in *Kamakahi* went so far as to hold that
8  "[d]eclining to certify a class where the only individualized factor is the amount of
9  damages owed is ***reversible error***."  *Id.* (citing *Leyva*, 716 F.3d at 510) (emphasis added,
10  quotation and brackets omitted).  In so holding, the magistrate judge in *Kamakahi*
11  misinterpreted Rule 23(c)(4), which explicitly provides that issue-certification "may" be
12  done "when appropriate."  *See Rahman*, 2014 WL 6815779, at *9 (holding that a district
13  court "is not bound to certify a liability class merely because it is permissible to do so
14  under Rule 23(b)(3)" and that a liability-only class should be certified only when it would
15  "materially advance the disposition of the litigation as a whole.").  *Also see Werdebaugh*,
16  2014 WL 7148923, at *14 n. 9 ("As it is a matter of discretion, the Court is not obligated
17  to certify a class for liability purposes merely because Plaintiff asserts the Court 'must'
18  do so.").      Further, in affirming the district court's decision in *Rahman*, the Ninth
19  Circuit explicitly noted that certifying an issues class is only appropriate if it "materially
20  advance[s] resolution of the *entire* case."  693 F. App'x at 579 (emphasis in original).

21      *Kamakahi* is further at odds with Ninth Circuit precedent by suggesting that even
22  when there is no feasible damages model proposed, the issue of how damages will be
23  determined may be ignored in certifying a liability-only class.  *See Kamakahi*, 305 F.R.D.
24  at 194 ("The question of how damages and injury-in-fact should be adjudicated is
25  reserved until the violation phase is complete.").  To the contrary, the Ninth Circuit has
26  held that it is the plaintiff's burden to present a workable damages methodology in order
27  to obtain certification of a liability-only class.  *See Rahman*, 693 F. App'x at 579 (finding
28  the district court did not abuse its discretion in finding that the plaintiff had not

satisfactorily shown how damages would be resolved if the liability issues were certified, and why certifying a liability-only class would materially advance resolution of the entire litigation).

*Kamakahi* can also be distinguished from this case in two additional ways.  First, the plaintiff in *Kamakahi* did propose a damages methodology, albeit a flawed one (according to the court).  While the court in *Kamakahi* put off the damages issue for a later day, at least the plaintiff had proposed a way to calculate damages classwide.  No such proof has been or can be offered in this case.  Secondly, the court in *Kamakahi* acknowledged that the context of the case was unique: "In price-fixing cases, courts repeatedly have held that the existence of the conspiracy is the predominant issue and warrants certification even where significant individual issues are present."  *Id.* at 192 (quotations and citation omitted).

*Moyle* was authored by the same magistrate judge as *Kamakahi*.  *Moyle* certified a liability and damages class under Rule 23(b)(3) and only noted in dicta that a liability-only class was possible.  2007 WL 4287315, at *22.  Further, *Moyle* was decided in 2007, several years before the Supreme Court's decision in *Comcast* (2013) and the Ninth Circuit's decision in *Doyle* (2016), which require a model for determining damages on a classwide basis.

In *Campion*, a district court in Washington State certified an issues-only class for unlawful debt collection practices but required individual trials to determine damages.  206 F.R.D. at 677.  However, *Campion* was decided before the Supreme Court in *Comcast* required a damages model, and before *Doyle* clarified the rule in the Ninth Circuit.  And the proposed solution to the damages issue in *Campion* – individual trials on liability – would verge on the impossible here, where there would be thousands of jury trials to determine each class member's emotional distress damages.

Plaintiff cites *Leyva v. Medline Indus.*, 716 F.3d 510, 514 (9th Cir. 2013), in which the Ninth Circuit reiterated the standard rule that "the presence of individualized damages cannot, by itself, defeat class certification under Rule 23(b)(3)."  But in *Leyva*, the

15-cv-01868-MMA-NLS

plaintiffs *did* present a mechanism for determining damages classwide. *See id.* at 514 ("Here, unlike in *Comcast*, if putative class members prove Medline's liability, damages will be calculated based on the wages each employee lost due to Medline's unlawful practices. . . . [Documents in the record] show that Medline's computerized payroll and time-keeping database would enable the court to accurately calculate damages and related penalties for each claim."). Using the database, the court or special master could easily and accurately calculate damages once the court adjudicated liability. *Id.* at 515. Thus, in *Leyva* there was a feasible, accurate way to calculate damages for each class member, unlike the situation in this case, where individual damages trials will be necessary.

Plaintiff also cites *Jimenez v. Allstate Ins. Co.*, 765 F.3d 1161 (9th Cir. 2014), for the proposition that individual damages issues should not preclude class certification. (Ren. Mot. at pp. 9-10.) But *Jimenez* was not a damages case, and it did not address certification of a liability-only class. In *Jimenez*, the Ninth Circuit listed two issues on appeal: commonality as to liability issues, and whether the district court correctly approved statistical modeling to determine liability. *Id.* at 1167. Thus, any comments in *Jimenez* regarding damages issues are properly characterized as dicta. In addition, *Jimenez* merely relies on *Leyva* for its holding. *Id.* ("In this circuit, *Leyva v. Medline Industries, Inc.,* 716 F.3d 510 (9th Cir. 2013), is the controlling case."). And as shown above, the plaintiffs in *Leyva* provided a mechanism to feasibly calculate damages classwide.

Finally, *Jimenez*, like *Leyva*, was a wage-and-hour class action. Because *Jimenez* involved questions of whether overtime pay had improperly been denied, it would be feasible to calculate such damages classwide, if liability were determined. Again, this is in stark contrast to this case, in which damages could not be determined classwide but would require thousands of individual jury trials to determine each plaintiff's emotional distress damages.

Thus, Plaintiff's reliance on *Jimenez* and *Leyva* is misplaced because they merely restate the general rule that individual damages determinations do not defeat class

- 17 -

certification.  That rule does not apply, however, where no model or methodology is available to calculate damages on a classwide basis.

Plaintiff also cites *Frlekin v. Apple Inc.*, 309 F.R.D. 518 (N.D. Cal. 2015), another wage-and-hour case involving a feasible method of determining damages on a classwide basis.  In that case, Apple employees sought compensation for the time they were required to spend undergoing "exit searches" if they left their jobs carrying a bag.  The district court certified a liability-only class, proposing that damages could be resolved through a simple claims process based on Apple's "records to document the compensable time."  *Id.* at 526.  Although Apple would have a chance to challenge any claims it disputed ("Claimants would, of course, be subject to cross-examination and counter-proof offered by Apple" – *Id.*), this would proceed via a claims process, not a full-blown jury trial for thousands of class members.

Plaintiffs' reliance on *Lilly v. Jamba Juice Co.*, 308 F.R.D. 231 (N.D. Cal. 2014), is similarly misplaced.  The district court in *Lilly* certified a liability-only class of consumers who bought at-home frozen smoothie kits advertised as "all natural."  But unlike this case, in which no damages model or methodology has been or can be presented, the plaintiff in *Lilly* presented *three* methods for calculating damages – restitution of the full purchase price, restitution from the defendant's profits, and restitution from the portion of revenue attributed to the challenged ingredient.  *Id.* at 242-43.  The court declined to certify a damages class because the plaintiffs had not shown how these damages models could be fairly determined.  *Id.* at 243-44 ("With no evidence in the record demonstrating that these damages models can be feasibly and efficiently calculated, a class cannot be satisfied for purposes of seeking damages.").

The district court in *Lilly* certified a liability-only class in spite of these deficiencies because "[s]ome of the difficulties in determining individual damages may fall away after liability is determined, depending upon which claims (if any) are successful, and which type or relief the class is entitled to."  *Id.* at 244.  Thus, *Lilly* involved a situation in which the plaintiffs did present damages models (albeit without

1   sufficient proof as to how they could be calculated), and the liability determinations

2   would likely resolve some of those difficulties.

3          The situation in *Lilly* is starkly different than here, where liability determinations

4   will ***not*** resolve any damages issues because the inherently individual nature of the

5   putative class members' damages (i.e., emotional distress) is not subject to any feasible

6   damages model.  This distinguishing feature in *Lilly* was pointed out by the district court

7   in *Rahman*, which noted that unlike the plaintiffs in *Lilly*, the plaintiff in *Rahman* had not

8   presented any evidence to satisfy *Comcast*'s requirement of a damages model.  *See*

9   *Rahman*, 2014 WL 6815779, at *9 (denying certification of a liability-only class and

10  finding that *Lilly*'s "rationale is not instructive in the present case" because "Plaintiff had

11  ample opportunity to produce evidence necessary to satisfy the requisites of *Comcast* and

12  certify a class as to both liability and damages.  He chose not to.").

13         Here, unlike *Lilly*, there is no scenario in which the difficulties of determining

14  individual damages will "fall away" (*Lilly*, 208 F.R.D. at 244).  Instead, thousands of

15  individual jury trials would be required.  Such a situation could never "materially

16  advance" the disposition of the entire case, as required by Rule 23(c)(4).

17         Plaintiff's reliance on *Makaeff v. Trump University*, 309 F.R.D. 631 (S.D. Cal.

18  2015), is similarly misplaced, since the district court in *Makaeff* found that the plaintiffs

19  had presented a plausible and reasonable damages model.  *Id.* at 642.  The district court

20  decertified a damages class, allowing the defendants to raise individual defenses such as

21  offsets at trial.  *See id.* at 643 (finding that the plaintiffs' damages theory "provides a

22  baseline for damages.  In the event that Plaintiffs prevail at trial on liability issues,

23  Defendants will be afforded the right to support an offset at the damages phase.").

24  Notably, the court in *Makaeff* did not allow a class to be certified which would require

25  thousands of individual jury trials to determine emotional distress damages, as this case

26  would require.  Rather, if liability were to be found in *Makaeff*, the defendants would

27  merely be allowed to raise any individual defenses that could reduce the damages, such

28  as offsets.  *Id.* at 643.

Plaintiff also relies on the two out-of-circuit cases cited in *Jimenez* (*In re Whirlpool*, 722 F.3d 838 (6th Cir. 2013), and *Butler v. Sears Roebuck and Co.*, 727 F.3d 796 (7th Cir. 2013)), in which the appellate courts affirmed certification of liability and damages class actions under FRCP 23(b)(3), despite the existence of individual damages issues. (Ren. Mot. at 9:14-16.)  *And see Jimenez*, 765 F.3d at 1168 (commenting that the reasoning of both cases was "consistent with our circuit precedent in *Leyva*") (footnote omitted). As discussed above, *Jimenez*' citation to *Whirlpool* and *Butler* was dicta because *Jimenez* did not involve certification of a liability-only class action. Moreover, because *In re Whirlpool* and *Butler* were decided before *Doyle* and *Rahman*, they are inconsistent with the most recent Ninth Circuit decisions requiring the plaintiff to provide a model or methodology for calculating damages on a classwide basis before a liability-only class action can be certified.

In addition, *In re Whirlpool* and *Butler* are also distinguishable. Both cases involved a class of consumers who alleged that design defects in front-loading washing machines caused mold to grow in the machines, leading to bad odors. The Seventh Circuit held that if liability were determined, there could be individual hearings to determine each consumer's damages. *Butler*, 727 F.3d at 798. The court also held that the parties "probably would agree on a schedule of damages based on the cost of fixing or replacing" the washing machines. "In that event the hearings would be brief; indeed, the case would probably be quickly settled." *Id.  See also id.* at 801 ("…the damages of individual class members can be readily determined in individual hearings, in settlement negotiations, or by creation of subclasses . . . .")

Thus, the individual damages issues in *In re Whirlpool* and *Butler* were easily managed. The cost to repair or replace a washing machine is unlikely to vary among plaintiffs. Thus, the amount of damages for each plaintiff is likely to be the same. This is not true in this case because the amount of damages would likely vary widely among plaintiffs. Thus, unlike the two defective washing machine cases, no schedule of damages could be utilized. Further, the emotional distress damages in this case would

15-cv-01868-MMA-NLS

1   require full jury trials, not brief hearings.  A jury would have to determine the amount of

2   damages for each plaintiff based on the evidence presented regarding the severity of the

3   emotional distress he or she suffered.

4       The court in *Butler* also suggested that subclasses could be created if there were

5   large differences in the mold problem among differently designed washing machines.

6   *Butler*, 727 F.3d at 798.  As shown above (and as held by this Court in its order denying

7   certification – *see* Doc. 68 at pp. 29-31), no subclasses or representative testimony is

8   possible in this case.

9       Finally, the courts in both *In re Whirlpool* and *Butler* held that a primary factor in

10  affirming certification was that each consumer's individual damages were quite small,

11  which meant that consumers would not file their own individual suits.  *See In re*

12  *Whirlpool*, 722 F.3d at 861 ("Use of the class method is warranted particularly because

13  class members are not likely to file individual actions – the cost of litigation would dwarf

14  any potential recovery."); *Butler*, 727 F.3d at 798 (the defect in the machines did "not

15  [impose] a cost to any one of [the consumers] large enough to justify the expense of an

16  individual suit.").  This factor – the lack of incentive to file an individual suit due to the

17  small amount of damages – is not present in this case.  There has been no evidence as to

18  the amount of emotional distress that any of the putative class members suffered as a

19  result of being medically examined at Polinsky Children's Center.  And as the Court

20  noted, the damages of each individual class member would "likely vary greatly"

21  depending on each member's "specific experiences."  (Doc. 68 at 31:9-17.)  Further,

22  several plaintiffs *have* filed individual lawsuits seeking damages for the Polinsky exams.

23  *See* Doc. 60-1 at p. 27 n. 14, listing *Swartwood v. Cnty. of San Diego*, No. 12-cv-1665-

24  W-BGS (S.D. Cal.); *Mann v. Cnty. of San Diego*, No. 11-cv-0708-GPC-BGS (S.D. Cal.);

25  and *Parkes v. County of San Diego*, No. 02-cv-1770 JAH-WMC (S.D. Cal.).  Moreover, a

26  successful individual plaintiff in a 42 U.S.C. section 1983 action would be entitled to

27  recover his or her attorneys' fees, leading to more incentive to file an individual lawsuit.

28  ///

Thus, the denial of Plaintiff's motion for class certification will not, as a practical matter, prevent individual plaintiffs from pursuing their own lawsuits.

In sum, none of Plaintiff's cited cases support his argument that a liability-only class should be certified in the absence of a common methodology for determining damages on a classwide basis. Because no such methodology is possible in this case, the Court should deny Plaintiff's motion.

### 2.   Plaintiff Offers No Model Or Methodology To Determine Damages Classwide.

As discussed, Plaintiff asks the Court to certify a liability-only class and to put off a decision on how damages will be determined to some future date. Plaintiff offers no model or methodology to determine damages on a classwide basis – nor can he, since the only potential damages that each plaintiff incurred was for emotional distress, which necessarily varies by individual. Plaintiff offers several general suggestions about how damages might be determined at some unspecified date after certification of a liability-only class. None of those suggestions, however, will alleviate the need for 37,000 full-blown damages trials. For instance, Plaintiff suggests bifurcating liability and damages trials with different juries. (Ren. Mot. at 12:17-18.) But this would simply postpone the 37,000 jury trials on damages, not eliminate the need for them. (*See* this Court's order denying certification, Doc. 68, at 17:14-16, finding that Plaintiff has presented evidence that 37,705 children had been admitted to Polinsky from 1995-2015.) Whether bifurcated or not, the prospect of 37,000 individual jury trials does not "materially advance" resolution of the entire case, as required by Rule 23(c)(4).

Plaintiff also suggests that a special master be appointed to preside over individual damages proceedings. (Ren. Mot. at 12:18-20). This suggestion would violate the County's due process rights because the County has the right to present its evidence on the issue of damages before a jury. *Berry v. Baca*, No. CV 01-02069 DDP, 2005 WL 1030248, at *7 (C.D. Cal. May 2, 2005) ("juries routinely determine damages in class action suits"); *Jimenez*, 765 F.3d at 1168 ("the district court was careful to preserve

- 22 -

Allstate's opportunity to raise any individualized defense it might have at the damages phase of the proceedings"); *See also* Fed. R. Civ. P. 53(a)(1)(A) and Advisory Committee Notes on the 2003 amendments to Rule 53, noting that the rule abolishes the use of a trial master without party consent as to matters to be decided by a jury.)  The County has expressly requested a jury trial on all issues (see Answer to First Amended Complaint, Doc. No. 23, at 1:14 and 1:21) and does not waive that right; nor does the County consent to a special master.

Plaintiff also proposes that subclasses specific to class members' ages be used to determine damages.  (Ren. Mot. at 12:20-22.)  But this Court has already rejected this proposal in its order denying class certification: "Proving injury to human dignity and emotional distress with respect to [the putative class] claims will vary from person to person."  (Doc. 68 at 29:23-24.)  Noting that Plaintiff's position was based on the "mistaken assumption that each class member suffered a 'standard' injury," this Court held that the damages of each class member would "likely vary greatly" depending on the "specific experiences of individual class members."  (*Id.* at 31:9-17.)  "Thus, representative testimony about what it was like to be subjected to a medical examination without the appropriate consent or authorization would not be probative as to the specific experiences of individual class members."  (*Id.* at 31:14-17.)

Finally, Plaintiff argues the Court should ignore the problems with individualized damages because "the parties might settle, or Defendant might prevail on the liability phase."  (Ren. Mot. at 12: 22-24.)  But these theoretical possibilities amount to pure speculation and do nothing to meet Plaintiff's burden of proving that certification of a liability-only class would advance resolution of the *entire* litigation.  The County is not interested in discussing settlement in any event.  *See Rahman*, 2014 WL 6815779, at *9 n. 4 (holding that the plaintiff's assumption that he would reach a damages settlement with Mott's once he proved liability did not support his argument to certify a liability-only class, partly because Mott's was not interested in settlement).

///

1    Plaintiff has not met his burden of providing a damages model that will resolve

2    damages on classwide basis, and his suggestions for how damages might be resolved in

3    the future will not alleviate the need for 37,000 full-blown damages trials.  Thus, Plaintiff

4    has not met his burden of showing that certification of a liability-only class action will

5    materially advance resolution of the entire litigation.

6    In *Rahman*, the district court requested that the plaintiff show in supplemental

7    briefing that certifying a liability-only class was appropriate.  Just like Plaintiff in this

8    case, the plaintiff in *Rahman* was "vague as to whether he intends to later certify a

9    damages class, allow class member to individually pursue damages, or has some other

10   undisclosed plan for resolving the case." *Id.*  And the court found that the plaintiff's hope

11   for settlement was not a reasonable plan either. *Id.* at n. 4.  Because the plaintiff had not

12   provided a workable model or plan for determining damages on a classwide basis, the

13   district court found that the plaintiff had not met his burden of showing that certification

14   of a liability-only class action would materially advance resolution of the entire litigation.

15   *Id.*  On appeal, the Ninth Circuit affirmed. *See* 693 F. App'x at 580 ("Here, after giving

16   Rahman ample opportunity to establish that certification of a liability-only class would

17   materially advance the litigation, the district court concluded that Rahman failed to show

18   that certification of a liability-only class was appropriate under Rule 23(c)(4).  We find

19   that the district court did not abuse its discretion in denying Rahman's motion to certify a

20   liability-only class.").

21   Plaintiff has not met his burden of showing that certification of a liability-only

22   class will materially advance resolution of the entire litigation because it is beyond

23   dispute that 37,000 full-blown jury trials on damages will be needed to bring this case to

24   a close.[2]

25   ///

26   ///

27

28   _____

[2] The County does not oppose Plaintiff's request to correct two typographical errors in the Court's order denying certification.

- 24 -

1

## V.      CONCLUSION

2         Plaintiff's "renewed" motion is procedurally improper and should be denied for

3   this reason alone.  On the merits, the Court should deny this motion because Plaintiff has

4   failed to provide a workable model or methodology for determining damages on a

5   classwide basis.  Under Ninth Circuit precedent, a plaintiff seeking certification of a

6   liability-only class action must show that damages can be calculated on a classwide basis

7   using a model created for the case.  Because each plaintiff will be entitled to recover

8   emotional distress damages and those damages necessarily vary by individual, no method

9   of determining damages on a classwide basis in available in this case.  None of Plaintiff's

10  suggestions for how damages might be determined at some unspecified date in the future

11  will alleviate the need for 37,000 full-blown damages trials.  Thus, Plaintiff has failed to

12  meet his burden of proving that certification of a liability-only class action would

13  "materially advance" resolution of the case as a whole, as required by Rule 23(c)(4).  For

14  all these reasons, the Court should deny Plaintiff's motion certification of a liability-only

15  class action.

16  DATED:  January 8, 2018          THOMAS E. MONTGOMERY, County Counsel

17

18                                  By: s/*David Brodie*
                                        DAVID BRODIE, Senior Deputy
19                                      CHRISTINA SNIDER, Senior Deputy
                                    Attorneys for Defendant County of San Diego (also
20                                  erroneously sued as "A.B. and Jessie Polinsky Children's
                                    Center" and "San Diego County Health and Human
21                                  Services Agency")
                                    E-mail: david.brodie@sdcounty.ca.gov
22                                  E-mail: christina.snider@sdcounty.ca.gov

23

24

25

26

27

28

15-cv-01868-MMA-NLS