# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| D.C., *a minor by and through his Guardian Ad Litem, Helen Garter, on behalf of himself and all others similarly situated*<br><br>Plaintiff,<br><br>v.<br><br>COUNTY OF SAN DIEGO; JESSIE POLINSKY CHILDREN'S CENTER; and SAN DIEGO COUNTY HEALTH AND HUMAN SERVICES AGENCY,<br><br>Defendants. | Case No.: 15cv1868-MMA (NLS)<br><br>**ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFF'S RENEWED MOTION FOR CLASS CERTIFICATION AND TO ALTER OR AMEND THE ORDER DENYING MOTION FOR CLASS CERTIFICATION**<br><br>[Doc. No. 69] |

Plaintiff D.C., a minor, filed this putative class action through his guardian ad litem pursuant to 42 U.S.C. § 1983, alleging Defendants violated his and putative class members' constitutional rights under the Fourth and Fourteenth Amendments to the United States Constitution. *See* Doc. No. 19, First Amended Complaint ("FAC"). Presently before the Court is Plaintiff's "Renewed Motion for Class Certification and to Alter or Amend the Order Denying Motion for Class Certification." Doc. No. 69-1 ("Mtn."). Defendant County of San Diego[1] opposes [Doc. No. 73 ("Oppo.")] and Plaintiff replies [Doc. No. 76 ("Reply")]. For the reasons stated herein, the Court **GRANTS IN PART AND DENIES IN PART** Plaintiff's motion. Specifically, the

---

[1] Defendant County of San Diego asserts it has been erroneously sued as A.B. and Jessie Polinsky Children's Center and San Diego County Health and Human Services Agency. Only Defendant County of San Diego opposes Plaintiff's renewed motion for class certification. Any further reference to "Defendant" refers to Defendant County of San Diego.

1

Court **DENIES** Plaintiff's renewed request for class certification and **GRANTS** Plaintiff's request to amend the Court's November 7, 2017 "Order: Denying Plaintiff's Motion to Strike; and Denying Motion for Class Certification" [Doc. No. 68 ("Order")].

## RELEVANT BACKGROUND

Pursuant to Federal Rules of Civil Procedure 23(a) and 23(b)(3), Plaintiff previously filed a motion to certify a class of "[a]ll children who had not yet reached 20 years of age as of August 24, 2015 and who were placed at A.B. and Jessie Polinsky Children's Center and subjected to a physical examination without the presence of their parent or legal guardian, without the consent of their parent or legal guardian, without an individualized order of the court authorizing their examination, and without exigent circumstances." *See* Doc. Nos., 60, 60-1. The Court found that the requirements of Rule 23(a)—numerosity, commonality, typicality, and adequacy of representation—were met, but that Plaintiff failed to satisfy Rule 23(b)(3)'s predominance requirement because "individualized damages issues predominate over common questions." Order at 16-32.

## LEGAL STANDARD

Federal Rule of Civil Procedure 23 "confers 'broad discretion to determine whether a class should be certified, and to revisit that certification throughout the legal proceedings before the court.'" *Kanawi v. Bechtel Corp.*, 254 F.R.D. 102, 107 (N.D. Cal. 2008) (citing *Armstrong v. Davis*, 275 F.3d 849, 872 n.28 (9th Cir. 2001)). Pursuant to Rule 23(c)(1)(C), "[a]n order that grants or denies class certification may be altered or amended before final judgment." Fed. R. Civ. P. 23(c)(1)(C); *see Lambert v. Nutraceutical Corp.*, 870 F.3d 1170, 1181 (9th Cir. 2017). "Accordingly, it is not uncommon for district courts to permit renewed certification motions that set out a narrower class definition or that rely upon different evidence or legal theories." *Hartman v. United Bank Card, Inc.*, 291 F.R.D. 591, 597 (W.D. Wash. 2013).

District courts "have ample discretion to consider (or to decline to consider) a revised class certification motion after initial denial." *In re Initial Pub. Offering Sec. Litig.*, 483 F.3d 70, 73 (2d Cir. 2007); *see also Hartman*, 291 F.R.D. at 597 (indicating

2

15cv1868-MMA (NLS)

the court's discretion to reconsider class certification "cuts both ways"). "[I]n the absence of materially changed or clarified circumstances . . . courts should not condone a series of rearguments on the class issues by either the proponent or the opponent of the class." *Id.* at 597 (quoting Newberg on Class Actions § 7:47). As such, plaintiffs "must show some justification for filing a second motion, and not simply a desire to have a second or third run at the same issues." *Id.*

## DISCUSSION

Plaintiff asks the Court, for the first time, to certify the putative class as a liability class pursuant to Federal Rule of Civil Procedure 23(c)(4).[2] Mtn. at 12-18. Defendant argues Plaintiff's failure to propose a methodology for determining damages class wide prohibits certification under Rule 23(c)(4).[3] Oppo. at 13-29.

The Ninth Circuit has approved the use of issue classes pursuant to Rule 23(c)(4) where certification under Rule 23(b)(3) is not proper because common questions do not predominate. *See Valentino v. Carter-Wallace, Inc.*, 97 F.3d 1227, 1234 (9th Cir. 1996); *Kamakahi v. Am. Soc'y for Reprod. Med.*, 305 F.R.D. 164, 188, 194 (N.D. Cal. 2015) (certifying an issue class regarding whether challenged limitations on compensation

---

[2] Plaintiff states that he "requested the Court consider . . . certifying a liability issue class under Rule 23(c)(4)" in his reply brief to the initial motion for class certification, but that "the Order did not consider whether the proposed Class should be more narrowly certified solely for the purpose of determining the County's liability to class members." Mtn. at 6. While Plaintiff asserts he "requested" or "suggested" the Court consider certification pursuant to Rule 23(c)(4) in a footnote in his reply to the motion for class certification, the footnote referenced does not make such a request. *See* Mtn. at 6; *see also* Reply at 3 n.2; Doc. No. 65 at 17 n.9. The footnote merely explained that a judge in a different case "later certified two liability classes and several subclasses under F.R.C.P. 23(c)(4)." *Id.* This is far from a suggestion or request that the Court consider certifying the putative class in the instant action pursuant to Rule 23(c)(4). Even if the language of the footnote were a request or suggestion to certify the class pursuant to Rule 23(c)(4), arguments "raised only in footnotes, or only on reply, are generally deemed waived." *In re Estate of Saunders*, 745 F.3d 953, 962 n.8 (9th Cir. 2014).

[3] Defendant also contends Plaintiff is actually seeking reconsideration of the Court's prior Order. Oppo. at 7-13. However, Plaintiff clarifies that he "is not asking the Court to reconsider or reject *any* of its findings, but, rather, in light of those findings as to liability issues . . . , that it amend its order and grant certification to a liability-only class." Reply at 3 (emphasis added). Accordingly, the Court declines to address Defendant's argument with respect to reconsideration.

violated the Sherman Act where plaintiffs failed to demonstrate an "ability to show the fact of damage to each class member through common proof"); *Rahman v. Mott's LLP*, No. 13-cv-03482-SI, 2014 WL 6815779, at *7-9 (N.D. Cal. Dec. 3, 2014) (declining to certify a liability class in a case where plaintiff satisfied predominance requirement as to liability but not damages), *affirmed by* 693 Fed. App'x 578 (9th Cir. 2017). "One problem posed by the certification of issue classes is that this could be used as an end-run around Rule 23(b)(3)'s predominance requirement." *Saavedra v. Eli Lilly & Co.*, No. 2:12-cv-9366-SVW (MANx), 2014 WL 7338930, at *10 (C.D. Cal. Dec. 18, 2014) (citing *Castano v. Am. Tobacco Co.*, 84 F.3d 734, 745 n.21 (5th Cir. 1996)). However, "refusing to certify an issue class under Rule 23(c)(4) unless the predominance requirement was met would render Rule 23(c)(4) a nullity." *Id.* (citing *In re Nassau County Strip Search Cases*, 461 F.3d 219, 226 (2d Cir. 2006)).

Rule 23(c)(4) provides that "[*w*]*hen appropriate*, an action may be brought or maintained as a class action with respect to particular issues."[4] Fed. R. Civ. P. 23(c)(4) (emphasis added). "Certification of an issues class under Rule 23(c)(4) is 'appropriate' only if it 'materially advances the disposition of the litigation as a whole.'" *Rahman v. Mott's LLP*, 693 Fed. App'x 578, 579 (9th Cir. 2017) (quoting William B. Rubenstein, 2 Newberg on Class Actions 4:90 (5th ed. 2012) (quoting Manual for Complex Litigation, Fourth, § 21.24 (2004))); *see also Valentino*, 97 F.3d at 1229-30.

In determining whether to certify a liability class in cases where the plaintiff satisfied predominance as to liability, but not damages, courts often look to whether the plaintiff has offered a damages model tied to their theory of liability. *See Loritz v. Exide Technologies*, No. 2:13-cv-02607-SVW-E, 2015 WL 6790247, at *23 (C.D. Cal. July 21,

---

[4] Plaintiff argues courts in this Circuit "must" certify a liability class where the only bar to predominance is that calculation of damages is not feasible on a class wide basis. Mtn. at 13 (citing *Kamakahi v. Am. Soc'y for Reprod. Med.*, 305 F.R.D. 164, 193 (N.D. Cal. 2015)). However, Rule 23(c)(4) itself precludes such an argument. *See* Fed. R. Civ. P. 23(c)(4). Rule 23(c)(4) provides that an issue class may be certified, "when appropriate." *Id.*

2015) (indicating that "[c]ourts differ regarding whether to certify a liability-only class when Plaintiffs fail to adequately present a damages model tied to their theory of liability"). Courts often decline to certify a liability class where plaintiffs "fail to show any model for calculating damages that (1) can be applied classwide (even if the model will be used to make individualized determinations) and (2) is tied specifically to the plaintiffs' theory of liability." *Id.* For example, a decision to deny certification of a liability class under Rule 23(c)(4) has been affirmed where the plaintiff "failed to articulate why a bifurcated proceeding would be more efficient or desirable" and was "vague as to whether he intends to later certify a damages class, allow class members to individually pursue damages, or ha[d] some other undisclosed plan for resolving the case." *Rahman v. Mott's LLP*, 693 Fed. App'x at 579-80; *see also Rahman*, 2014 WL 6815779, at *9.

Plaintiff asserts that certification of a liability class will materially advance the litigation because it would be more efficient to adjudicate in one proceeding whether Defendant's policies and practices violated putative class members' civil rights. Mtn. at 16-17. With respect to damages, Plaintiff asserts that the court can "devise imaginative solutions," including bifurcating liability and damage trials, appointing a special master to preside over individual damage proceedings, or decertify the class after the liability trial and instruct class members on how to resolve damages for subclasses specific to class members' ages at the time they were examined. *Id.* Plaintiff also explains that adjudicating damages may ultimately be unnecessary, as the parties could settle or Defendant could prevail at the liability phase. *Id.* Ultimately, however, Plaintiff claims the "Court should reserve the question of how damages should be adjudicated until the liability phase is complete." *Id.* at 18.

None of Plaintiff's proffered options is particularly desirable. As the Court indicated in its prior Order, "[w]hile establishing liability with respect to the alleged violations of the Fourth and Fourteenth Amendments will be common, proving injury to human dignity and emotional distress with respect to these claims will vary from person

5

to person." Order at 29. Should Plaintiff prevail on the issue of liability, a second class or set of subclasses on the issue of damages could not be certified because "individualized damages issues predominate over common questions." *Id.* at 32. As Defendant explains, "this would simply postpone the 37,000 jury trials on damages, not eliminate the need for them." Oppo. at 26. Moreover, Defendant argues that appointing a special master would divest it of its right to a jury trial and due process rights to present individualized defenses. *Id.* at 26-27. Even further, Plaintiff's contention that the case might settle or that Defendant might prevail at the liability phase are speculative, particularly where, as here, Defendant "is not interested in discussing settlement in any event." *Id.* at 27.

Plaintiff's arguments are vague as to what his proposed plan for resolving the case is. *See* Mtn.; *see also* Reply. Plaintiff merely lists possible plans without explanation of how those proffered plans relate to the instant action. In fact, Plaintiff's request to "reserve the question of how damages should be adjudicated until the liability phase is complete" further suggests Plaintiff has not devised a plan to resolve this case after the liability phase. Mtn. at 18. As a result, Plaintiff has failed to carry his burden of demonstrating that certification of a liability class would materially advance resolution of the entire case. *See Rahman*, 693 Fed. App'x at 579.

While liability may be determined on a class wide basis, this determination will not materially advance the litigation because individualized damages determinations would still be required. Further, if Plaintiff succeeds in determining that Defendant is liable for violations of the Fourth and Fourteenth Amendments, this will have preclusive effect in subsequent suits with respect to liability. *See Syverson v. IBM*, 461 F.3d 1147, 1153-54 (9th Cir. 2006) (stating that "offensive nonmutual issue preclusion is appropriate only if (1) there was a full and fair opportunity to litigate the identical issue in the prior action; (2) the issue was actually litigated in the prior action; (3) the issue was decided in a final judgment; and (4) the party against whom issue preclusion is asserted was a party or in privity with a party to the prior action") (internal citations omitted). As such, a series of

individual lawsuits are just as efficient as a class action where damages would need to be determined on an individualized basis. *See Burton v. Nationstar Mortg., LLC*, No. 1:13-cv-00307-LJO-JLT, 2014 WL 5035163, at *18 (E.D. Cal. Oct. 8, 2014) (declining to certify a Rule 23(c)(4) class where it was not a superior method of litigating the claims presented and would not serve the interests of judicial economy). Accordingly, the Court **DENIES** Plaintiff's request to certify a liability class under Rule 23(c)(4).

## CORRECTIONS TO THE COURT'S PRIOR ORDER

Plaintiff also moves the Court to correct "typographical errors" pursuant to Federal Rule of Civil Procedure 60(a). Mtn. at 18. Defendant did not address this in its opposition. *See* Oppo. Under Rule 60(a) "[c]lerical mistakes in judgments, orders or other parts of the record and errors therein arising from oversight or omission may be corrected by the court at any time on its own initiative or on the motion of any party and after such notice, if any, as the court orders." Fed. R. Civ. P. 60(a). The Court has reviewed Plaintiff's proposed amendments and **AMENDS** the Order filed on November 7, 2017 (Doc. No. 68) as follows:

(1) "subsequent" replaces the word "prior" on page 15, line 2;

(2) "consented" replaces the words "did not consent" on page 26, line 17; and

(3) "an" replaces the word "no" on page 26, line 17.

## CONCLUSION

Based on the foregoing, the Court **GRANTS IN PART AND DENIES IN PART** Plaintiff's motion. Specifically, the Court **DENIES** Plaintiff's renewed request to certify the putative class and **GRANTS** Plaintiff's request to amend the Order as delineated above.

**IT IS SO ORDERED**.

Dated: February 2, 2018

Hon. Michael M. Anello
United States District Judge