1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF CALIFORNIA

D.C., *a minor by and through his Guardian Ad Litem, Helen Garter*,

Plaintiff,

v.

COUNTY OF SAN DIEGO, et al.,

Defendants.

Case No.:  15-cv-1868-MMA (NLS)

**ORDER DENYING PLAINTIFF'S MOTION FOR LEAVE TO FILE A SECOND AMENDED COMPLAINT**

[Doc. No. 108]

On August 24, 2015, Plaintiff, a minor, initiated this putative class action by and through his guardian ad litem pursuant to 42 U.S.C. § 1983, alleging Defendant County of San Diego (the "County") violated his and the putative class' constitutional rights.  *See* Doc. No. 1.  On November 11, 2020, Plaintiff filed a motion for leave to file a Second Amended Complaint.  *See* Doc. No. 108.  The County filed an opposition, to which Plaintiff replied.  *See* Doc. Nos. 109, 113.  With leave of the Court, the County filed a sur-reply, and Plaintiff responded.  *See* Doc. Nos. 118, 122.  The Court found the matter suitable for disposition on the papers without oral argument pursuant to Federal Rule of Civil Procedure 78(b) and Civil Local Rule 7.1.d.1.  *See* Doc. No. 114.  For the reasons set forth below, the Court **DENIES** Plaintiff's motion.

# I. BACKGROUND

Plaintiff lives with his mother.  *See* Doc. No. 19 ("FAC").  His father has limited visitation rights.  *See id.*  On August 21, 2014, Plaintiff had a supervised visit with his father.  *See id.* at ¶ 23.  Plaintiff alleges that during the visit, the supervisor did not monitor his father adequately.  *See id.*  The next day, Plaintiff was examined by a child abuse specialist at the Chadwick Center for Children and Families.  *See id.* at ¶ 24.  The specialist concluded that injuries to Plaintiff's forehead were likely caused by an accident.  *See id.*  However, the specialist found a small bruise behind his right ear, which she found suspicious of child abuse because it was similar to the injury Plaintiff's father had inflicted on him in May 2014.  *Id.*  Plaintiff says that he was then removed from his mother's custody.  *See id.* at ¶ 25.

According to Plaintiff, on August 22, 2014, he was taken to Polinsky Children's Center ("Polinsky") and upon his arrival, he was given a "cursory 'wellness' check by staff" and placed into the general population.  *Id.* at ¶ 26.  The next morning, Plaintiff was subjected to a physical examination, including an external examination of his genitalia and rectum.  *See id.* at ¶¶ 26–27.  He alleges that his mother was not notified of the examination, was not present for it, and did not consent to it.  *See id.* at ¶ 27.  Plaintiff also contends that there were no exigent circumstances to justify the examination, nor had the County or its agents obtained a court order or warrant.  *See id.*

Based on these events, Plaintiff alleges violations of his and the putative class' Fourth and Fourteenth Amendment rights by the County stemming from the allegedly unconstitutional physical examination at Polinksy.  *See id.*

The Court previously denied Plaintiff's initial and renewed requests for class certification.  *See* Doc. Nos. 68, 78.  The Court's decisions were affirmed on appeal.  *See* Doc. No. 90.

On October 28, 2020, subsequent to the conclusion of the interlocutory appellate proceedings, Magistrate Judge Stormes issued a scheduling order (the "Scheduling Order").  *See* Doc. No. 107.  The Scheduling Order included a briefing schedule for

Plaintiff to file a motion for leave to amend his claims.  *See id.*  On November 11, 2020, Plaintiff filed a motion for leave to file a Second Amended Complaint (the "SAC"), seeking to add claims against three individual defendants and alter the nature of his claims against the County.  *See* Doc. No. 108-2.

## II. LEGAL STANDARD

Rule 15(a) of the Federal Rules of Civil Procedure provides that leave to amend pleadings "shall be freely given when justice so requires."  Fed. R. Civ. P. 15.  However, once a district court has issued a scheduling order under Rule 16 establishing a timetable for amending pleadings, the liberal standards of Rule 15 no longer govern.  *See Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 607–08 (9th Cir. 1992).  Under Rule 16, "[a] schedule may be modified only for good cause and with the judge's consent."  Fed. R. Civ. P. 16(b)(4).  Within this context, good cause is measured by the diligence of the party seeking the amendment.  *Johnson*, 975 F.2d at 609.  "Although the existence or degree of prejudice to the party opposing the modification might supply additional reasons to deny a motion, the focus of the inquiry is upon the moving party's reasons for seeking modification."  *Id.* at 609.

In ruling on matters such as these, which involve the supervision of the pretrial phase of litigation, "[t]he district court is given broad discretion."  *Miller v. Safeco Title Ins. Co.*, 758 F.2d 364, 369 (9th Cir. 1985).  If the district court finds a lack of diligence, "the inquiry should end."  *Johnson*, 975 F.2d at 609.  If, however, the movant meets the Rule 16 burden, the Court proceeds to considering the motion under the usual standard of Rule 15.

"Rule 15(a) is very liberal and leave to amend 'shall be freely given when justice so requires.'"  *AmerisourceBergen Corp. v. Dialysist West, Inc.*, 445 F.3d 1132, 1136 (9th Cir. 2006) (quoting Fed. R. Civ. P. 15(a)).  Courts consider "undue delay, bad faith, dilatory motive, repeated failure to cure deficiencies by previous amendments, undue prejudice to the opposing party, and futility of the proposed amendment" in deciding whether justice requires granting leave to amend under Rule 15.  *Moore v. Kayport*

1    *Package Express*, *Inc.*, 885 F.2d 531, 538 (9th Cir. 1989) (citing *Foman v. Davis*, 370

2    U.S. 178, 182 (1962)); *see also Cervantes v. Zimmerman*, No. 17-cv-1230-BAS-NLS,

3    2019 U.S. Dist. LEXIS 39789, at *8 (S.D. Cal. Mar. 12, 2019) ("Whether to grant a

4    motion to amend depends on five factors: (1) bad faith, (2) prejudice to the opposing

5    party, (3) futility, (4) undue delay, and (5) whether the plaintiff has previously

6    amended.") (citing *Western Shoshone Nat. Council v. Molini*, 951 F.2d 200, 204 (9th Cir.

7    1991)).

8                            **III. DISCUSSION**

9         As an initial matter, the parties dispute whether Rule 15(a) or 16(b)(4) governs

10   Plaintiff's request to amend his claims.  Plaintiff is correct that the October 28, 2020

11   Scheduling Order set a November 11, 2020 deadline to file such a motion, *see* Doc. No.

12   107, and he met that deadline.  But inclusion of a briefing schedule on the matter does not

13   obviate the need for a Rule 16 analysis.  Judge Stormes convened a post-appeal Case

14   Management Conference to set pretrial deadlines and trial dates.  At that time, Plaintiff

15   indicated a strong interest in amending his complaint.  Judge Stormes set a briefing

16   schedule for the sake of procedural efficiency given the protracted nature of this

17   litigation.  Judge Stormes neither considered nor found good cause to extend the long-

18   expired May 31, 2016 deadline to amend pleadings.  *See* Doc. No. 28 ¶ 3.  Therefore, the

19   briefing schedule did not constitute a new Rule 16 deadline.[1]  The operative amended

20   pleadings deadline was May 31, 2016, as set forth in the April 8, 2016 Scheduling Order.

21   Accordingly, the Court must determine pursuant to Rule 16(b)(4) whether good cause

22   exists to extend that deadline.

23        Plaintiff did not move to amend the Scheduling Order, and the deadline for doing

24   so has long since passed.  "For this reason alone," it is within the Court's discretion to

25

26   _____

27   [1] The Court finds that any other interpretation of the Scheduling Order is unreasonable.  Judge Stormes
     did not—and would not—find Rule 16's high bar satisfied three years after the deadline, without proper

28   briefing or argument.

1  deny Plaintiff's motion to amend.  *Rosales v. FitFlop USA, LLC*, No. 11-CV-0973 W

2  (KSC), 2013 U.S. Dist. LEXIS 84869, at *7 (S.D. Cal. June 17, 2013).  However, even if

3  Plaintiff had properly sought a modification of the Scheduling Order, he does not satisfy

4  Rule 16(b)(4)'s good cause standard.[2]  "Good cause" exists if a party can demonstrate

5  that the schedule "cannot reasonably be met despite the diligence of the party seeking the

6  extension."  *Johnson*, 975 F.2d at 609 (citing Fed. R. Civ. P. 16 advisory committee's

7  notes (1983 amendment)).  The party seeking to continue or extend the deadline bears the

8  burden of showing good cause.  *See Zivkovic v. S. Cal. Edison Co.*, 302 F.3d 1080, 1087

9  (9th Cir. 2002); *Johnson*, 975 F.2d at 608.  In addressing the diligence requirement,

10  another District Court in this Circuit has explained:

12  [To] demonstrate diligence under Rule 16's "good cause" standard, the
13  movant may be required to show the following: (1) that she was diligent in
    assisting the Court in creating a workable Rule 16 order; (2) that her
14  noncompliance with a Rule 16 deadline occurred or will occur,
15  notwithstanding her diligent efforts to comply, because of the development of
    matters which could not have been reasonably foreseen or anticipated at the
16  time of the Rule 16 scheduling conference; and (3) that she was diligent in
17  seeking amendment of the Rule 16 order, once it became apparent that she
    could not comply with the order.

19  *Jackson v. Laureate, Inc.*, 186 F.R.D. 605, 608 (E.D. Cal. 1999) (citations omitted).  If

20  the District Court finds a lack of diligence, "the inquiry should end."  *Johnson*, 975 F.2d

21  at 609.

22      Plaintiff fails to demonstrate that he exercised the requisite diligence for

23  amendment under Rule 16(b)(4).  Plaintiff's claims in the FAC are based entirely on the

---

26  [2] The Court acknowledges that Plaintiff did not brief Rule 16.  That said, the County raised the issue in
27  opposition, and Plaintiff decided against substantively addressing it in his reply.  Nonetheless, Plaintiff
    is not prejudiced by the Court's conclusion regarding the effect of the November 11, 2020 deadline.
28  Although not fashioned as a Rule 16 analysis, Plaintiff argues diligence within the context of Rule 15's
    undue delay and prejudice factors.

1   allegedly unconstitutional medical examination at Polinsky.  Now, Plaintiff seeks to add
2   three new defendants: County social workers Stephanie Stewart, Yolanda Botani, and
3   Belinda Radovich (collectively, the "Social Workers").  He also wants to add new claims
4   against the County stemming from his removal from his mother's custody (the "Removal
5   Claims").

6       Plaintiff does not, and cannot, argue that he was unaware of the Social Workers'
7   identities prior to the deadline.  Plaintiff named the Social Workers in an August 2015
8   state court complaint, where he and his mother alleged California Government Code
9   section 910 tort claims.  *See* Doc. No. 109-2.  That complaint included allegations that his
10  rights were violated by the removal, albeit in a different tortious context.  *See id.*
11  Nonetheless, Plaintiff has certainly been aware of the availability of the Removal Claims
12  since at least February 2016.  In its order on the County's motion to dismiss, the Court
13  dedicated an entire section of the discussion to the Removal Claims.  *See* Doc. No. 18 at
14  6–7.  The Court then set a February 19, 2016 deadline for Plaintiff to add these claims via
15  amendment.  *See id.*  But Plaintiff did not include the Removal Claims in the FAC.  *See*
16  FAC.  Nonetheless, the Court gave Plaintiff another deadline—May 31, 2016—to add
17  these claims and defendants.  Yet again, he chose not to.

18      Plaintiff's discussion about timeliness is centered on two points: (1) that the statute
19  of limitations on these claims has not run; and (2) that he brought the motion quickly
20  after exhausting the class certification appeals.  The fact that Plaintiff's claims will not be
21  barred until 2032 has no bearing on his diligence.  If anything, it demonstrates that
22  Plaintiff will not be greatly harmed if the Court denies his motion because he is free to
23  file another lawsuit.  Moreover, the decision to pursue class certification was admittedly a
24  tactical one.  *See* Doc. No. 108-4 at 10.  There is ample evidence that Plaintiff could have
25  met the May 31, 2016 deadline and chose not to for strategic reasons.  By his own
26  admission, Plaintiff waited until all class certification efforts failed before bringing these
27  individualized claims.  *See* Doc. No. 113 at 3.  To put it simply, changing litigation
28  strategy after exhausting appeals is not good cause for finding diligence under Rule

16(b)(4).  Consequently, the Court is not convinced that Plaintiff was diligent in seeking amendment.  The Court may deny Plaintiff's motion on this ground alone.

Even if the Court found that Plaintiff met Rule 16's burden, amendment would be unwarranted under a Rule 15 analysis.  Namely, due to the significant prejudice and undue delay.  It is indisputable that Plaintiff knew the Social Workers' identities, as well as the necessary facts and availability of the Removal Claims back in 2015, or early 2016 at the latest.  Waiting more than three years after the amended pleadings deadline and five years since this case's inception—due to strategy—is an undue delay.

Moreover, the Ninth Circuit has held that prejudice to the opposing party "carries the greatest weight," *Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1052 (9th Cir. 2003), and is the "touchstone of the inquiry" under Rule 15.  *Cervantes*, 2019 U.S. Dist. LEXIS 39789, at *37.  A review of the SAC reveals that it will fundamentally alter the litigation.  As it stands, Plaintiff brings only Fourth Amendment (unreasonable search) and Fourteenth Amendment (due process) *Monell* claims against the County stemming from Plaintiff's physical examination at Polinksy.  In the SAC, Plaintiff no longer names HHSA or Polinsky as defendants.  The County remains named, and Plaintiff adds the Social Workers.  *See* SAC ¶¶ 7–9.  Further, Plaintiff's new causes of action are as follows: (1) First, Fourth, and Fourteenth Amendment claims against the Social Workers due to the removal and detention of D.C.; (2) First, Fourth, and Fourteenth Amendment *Monell* claims against the County for the removal and detention of D.C.; (3) Fourth Amendment *Monell* claim against the County for the physical examination at Polinsky; and (4) Fourteenth Amendment *Monell* claim against the County for the physical examination at Polinsky.  *See* SAC.

Despite being guised as one cause of action, allegations of First, Fourth, and Fourteenth Amendment violations are separate claims.  Thus, the first two proposed causes of action would add six new claims to this case.  As the County points out, this changes the nature of the case from one exploring the constitutionality of Plaintiff's medical examination to a case involving the County's removal of Plaintiff from his

1   mother's custody and the Juvenile Court process that led to the removal.

2          Plaintiff admits that the medical examination claims are "separate and distinct"

3   from the Removal Claims.  Doc. No. 108-4 at 11.  But he fails to acknowledge that his

4   new allegations, claims, and defendants would totally alter the basis of the action and

5   present a host of discovery issues.  *See Demoura v. Ford*, No. 1:09-cv-01344-LJO-SKO,

6   2012 U.S. Dist. LEXIS 71984, at *27-28 (E.D. Cal. May 22, 2012) (citing *M/V Am.*

7   *Queen v. San Diego Marine Constr. Corp*., 708 F.2d 1483, 1492 (9th Cir. 1983)).  Over

8   the last several years, the parties have conducted significant discovery into the sole event

9   of the medical examination.  Namely, ten depositions, four sets of interrogatories,

10  requests for admissions, and two sets of requests for production.  *See* Doc. No. 109 at 18.

11  Based on the current schedule, the Social Workers have essentially no time to conduct

12  discovery or otherwise adequately defend their case, as the fact discovery deadline is only

13  weeks away.  *See* Doc. No. 107.  Similarly, the County now must entirely alter its

14  defense strategy while facing a February 26, 2021 fact discovery cut-off.  *See id.*

15  Moreover, both the Social Workers and the County will face a dispositive motions cut-off

16  that is only some five months away.  Meanwhile, Plaintiff has known of the availability

17  of these claims, and no doubt has prepared them, for at least some time in the last five

18  years that this case has been pending.[3]

19         Consequently, the presentation of new theories and fundamental shift in strategy,

20  this late in the litigation, amounts to substantial prejudice to the County and the Social

21  Workers.  Therefore, amendment is not permissible under Rule 15.  *See Acri v. Int'l Asso.*

22  *of Machinists & Aerospace Workers*, 781 F.2d 1393, 1398 (9th Cir. 1986) (noting "that

23  late amendments to assert new theories are not reviewed favorably when the facts and the

24  theory have been known to the party seeking amendment since the inception of the cause

25

26  _____

27  [3] The Court's concerns are not assuaged by Plaintiff's suggestion that any additional discovery can be
    completed in 120 days.  *See* Doc. No. 108-4 at 11.  First, the deadlines are set, and Plaintiff cannot

28  unilaterally extend them.  Moreover, the Court is dubious that 120 days would be sufficient.

of action") (first citing *M/V American Queen*, 708 F.2d at 1492, and then citing *Stein v. United Artists Corp.*, 691 F.2d 885, 898 (9th Cir. 1982)); *Fresno Unified Sch. Dist. v. K.U. ex rel. A.D.U.*, 980 F. Supp. 2d 1160, 1178 (E.D. Cal. 2013) (explaining that proposed amendments are prejudicial "when, after a period of extensive discovery, a party proposes a late-tendered amendment that would fundamentally change the case to incorporate new causes of action and that would require discovery in addition to the administrative record"); *see also Morongo Band of Mission Indians v. Rose*, 893 F.2d 1074, 1079 (9th Cir. 1990) ("[A] radical shift in direction posed by these [proposed] claims, their tenuous nature, and the inordinate delay will weigh against granting leave to amend."). And for those reasons, the outcome is the same under both Rule 15(a) and Rule 16(b)(4).

## IV. Conclusion

Based on the foregoing, the Court **DENIES** Plaintiff's motion for leave to file a Second Amended Complaint.

**IT IS SO ORDERED.**

Dated: January 25, 2021

HON. MICHAEL M. ANELLO
United States District Judge