UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| D.C., a minor by and through his Guardian Ad Litem, HELEN GARTER, on behalf of himself and all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>COUNTY OF SAN DIEGO, A.B. AND JESSIE POLINSKY CHILDREN'S CENTER, SAN DIEGO COUNTY HEALTH AND HUMAN SERVICES AGENCY,<br><br>Defendants. | Case No.: 15cv1868-MMA (NLS)<br><br>**ORDER GRANTING JOINT MOTION FOR ENTRY OF PROTECTIVE ORDER**<br><br>**[ECF No. 128]** |

The Court having read the parties' Joint Motion for Protective Order (ECF No. 128), finding no objection and good cause appearing,

**IT IS HEREBY ORDERED** that this motion is **GRANTED**. The following Protective Order is entered.

//

//

//

1

# PROTECTIVE ORDER

Before the Court is the parties' joint motion for a protective order to maintain the confidentiality of certain medical, mental health, and developmental records of Plaintiff D.C. which are held by Rady Children's Hospital, Rady Children's Chadwick Center, and/or any other entity within the Rady Children's Hospital Group (collectively, "Rady Group"). Defendant County of San Diego has served a subpoena *duces tecum* on Rady Group seeking the production of Plaintiff's medical, mental health, and developmental records, including all documents from Rady Group for Plaintiff from January 1, 2013, through the present, pertaining to Plaintiff's medical and/or mental health care as well as all records related to treatment, consultation, diagnosis, prognosis, and examination of Plaintiff, including but not limited to the following: histories, physicals, notes, reports, diagnostic tests, test results, test reports, laboratory data and reports, psychiatric, psychological (including a psychological evaluation performed in 2017), counseling records, consultations, correspondence, prescriptions, charts and records, including sign-in sheets and physical therapy records, documentation indicating dates and times of patient appointments and any cancellations, original photographs, and all other medical records pertaining to Plaintiff.

The parties agree that the above-listed records are relevant to Plaintiff's claims and damages as well as to the County's defenses, and that the parties will abide by this protective order to maintain the confidentiality of these records.

1. All medical, mental health, and developmental records of Plaintiff produced in response to the County of San Diego's subpoena *duces tecum* by Rady Group are designated as "Confidential" pursuant to the terms of this Protective Order. These records shall be referred to as "Confidential Material" for purposes of this Order.

2. No duplicating or copying of Confidential Material is permitted other than for persons identified in paragraphs 3 and 4.

3. Confidential Material may be delivered, exhibited, or disclosed to counsel representing Defendant County of San Diego and counsel representing Plaintiff, and to

any support staff assisting such counsel in this proceeding, including any expert or consultant retained by counsel to assist in the preparation of this action, or to testify at any hearing or any other proceeding herein to whom counsel deems in good faith that it is necessary that such Confidential Material be shown for purposes of this proceeding (collectively referred to as a party's "Legal Team").  Counsel who receive any Confidential Material shall be bound by this Protective Order and be responsible for: (1) informing other members of his or her Legal Team of their obligations under this Order, (2) ensuring that access to the Confidential Material is limited in accordance with the terms of this Order, and (3) obtaining any and all copies of Confidential Material provided to the Legal Team at the conclusion of the proceeding and complying with paragraph 9 below.

      4.      In addition to a party's Legal Team, Confidential Material may be delivered, exhibited, or disclosed to the following persons:

      a) Any person who authored or previously received the Confidential Material;

      b) Any court reporter employed in this proceeding, and acting in that capacity; and

      c) Any court with jurisdiction over these proceedings.

Any party desiring to reveal Confidential Material to any person referred to in (a) above shall first secure from each such person, prior to disclosure of such material, a signed agreement to abide by the terms of this Order.  Counsel for the party who disclosed the Confidential Material shall retain all original signed agreements obtained from any person pursuant to this paragraph.

      5.      Under no circumstances will Confidential Material be made available or shown to any other person except pursuant to the provisions of this Protective Order.  In the event that any Confidential Material is disclosed, in any manner, to any person or entity not authorized under the provisions of this Order, the disclosing person or entity will be subject to appropriate sanctions.

6.     All Confidential Material shall be controlled and maintained in a manner that precludes access by any person not entitled to access under this Protective Order, and shall be disclosed only to persons described in paragraphs 3 and 4 above, for the purpose of preparing for and conducting this proceeding, and shall not be used or disclosed for any other purpose.

7.     This Protective Order shall remain in full force and effect and shall continue to be binding on all parties and affected persons after the termination of this proceeding, subject to any subsequent modifications of this Order by any court having jurisdiction over this proceeding, for good cause shown.

8.     After this proceeding is finally concluded, the Court will retain jurisdiction to enforce this Protective Order including any dispute concerning improper use or disclosure of Confidential Material.

9.     After this proceeding is finally concluded, the Confidential Material shall be returned to Rady Group or destroyed.

10.    Nothing shall be filed under seal, and the Court shall not be required to take any action, without separate prior order by the Judge before whom the hearing or proceeding will take place, after application by the affected party with appropriate notice to opposing counsel. The parties shall follow and abide by applicable law, including Civ. L.R. 79.2, ECF Administrative Policies and Procedures, Section II.j, and the chambers rules, with respect to filing documents under seal.

11.    Modifications.  The Court may modify the protective order in the interests of justice or for public policy reasons.

**IT IS SO ORDERED.**

Dated:  February 22, 2021

_____
Hon. Nita L. Stormes
United States Magistrate Judge