UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| D.C., a minor by and through his Guardian Ad Litem, HELEN GARTER,<br><br>Plaintiff,<br><br>v.<br><br>COUNTY OF SAN DIEGO, et al.,<br><br>Defendant. | Case No. 15-cv-1868-MMA (NLS)<br><br>**ORDER RE: PLAINTIFF'S MOTION TO FILE DOCUMENTS UNDER SEAL**<br><br>[Doc. No. 142] |

D.C. by and through his Guardian ad Litem, Helen Garter, ("Plaintiff") moves to seal Exhibits 9–22 in support of his motion for partial summary judgement. *See* Doc. No. 142. The Court has reviewed the motion and documents. For the following reasons, the Court determines that supplemental briefing is warranted.

When presented with a request to file a document under seal, the Court begins with the strong presumption in favor of the "general right to inspect and copy public records and documents, including judicial records and documents." *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 597 (1978) (footnote omitted); *see also Kamakana v. City and Cnty. of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006). "The presumption of access is 'based on the need for federal courts, although independent—indeed, particularly because they

are independent—to have a measure of accountability and for the public to have confidence in the administration of justice.'" *Ctr. for Auto Safety v. Chrysler Grp.*, LLC, 809 F.3d 1092, 1096 (9th Cir. 2016) (quoting *United States v. Amodeo*, 71 F.3d 1044, 1048 (2d Cir. 1995)).

As such, the burden on a motion to seal falls squarely on the movant. *Id.* (quoting *Kamakana*, 447 F.3d at 1178). The moving party can only overcome the presumption by "'articulat[ing] compelling reasons supported by specific factual findings' . . . that outweigh the general history of access and the public policies favoring disclosure, such as the 'public interest in understanding the judicial process.'" *Kamakana*, 447 F.3d at 1178 (first quoting *Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1135 (9th Cir. 2003); and then quoting *Hagestad v. Tragesser*, 49 F.3d 1430, 1434 (9th Cir. 1995)). "In turn, the court must 'conscientiously balance the competing interests' of the public and the party who seeks to keep certain judicial records secret." *Id.* at 1179 (quoting *Foltz*, 331 F.3d at 1135). "What constitutes a 'compelling reason' is 'best left to the sound discretion of the trial court.'" *Ctr. For Auto Safety*, 809 F.3d at 1097 (quoting *Nixon*, 435 U.S. at 599).

In requesting to seal Exhibits 9–22, Plaintiff cites to a 2016 Juvenile Court order that states "all files released pursuant to this disclosure shall be filed under seal, or in the alternative otherwise subject to the Order Granting Joint Motion For Protective Order Regarding Juvenile Case Files and related documents dated November 19, 2015." Doc. No. 142 at 2 (emphasis omitted); *see also* Doc. No. 143.[1] Plaintiff also refers to a declaration in support of his motion for partial summary judgment, which identifies the Exhibits. *Id.* (referring to Cox Decl., Doc. No. 144-2).

Plaintiff has not adequately briefed his request to file the documents under seal. Although he references another court order, Plaintiff "do[es] not attach the order, indicate

---

[1] All citations to electronically filed documents refer to the pagination assigned by the CM/ECF system.

1 | which of the[] exhibits are encompassed by the order, [] explain why this Court should
2 | consider itself bound by the order," or explain the documents' relevance to this action.
3 | *Williams v. County of San Diego*, No. 17-cv-815-MMA (JLB) (S.D. Cal. Oct. 26, 2020),
4 | ECF No. 196 at 2–3.

5 |     Many of the documents contain the minor Plaintiff's names and birthdates, which
6 | are of course confidential.  *See* Fed. R. Civ. P. 5.2.  "But anonymity may be preserved by
7 | redacting this information.  And the parties do not otherwise explain why the documents
8 | must be sealed in their entirety." *Williams*, No. 17-cv-815-MMA (JLB), ECF No. 196 at
9 | 3.  Although the documents may contain sensitive information given the nature of this
10 | action, "the parties must still show a compelling reason for sealing *each* document *in its*
11 | *entirety*." *Id*.  Only after Plaintiff makes this showing can the Court properly balance
12 | "the interests underlying the strong presumption of public access against the Minor
13 | Plaintiff['s] privacy interests." *Id*.

14 |     For these reasons, the Court concludes that it cannot assess the merits of the
15 | motion to seal on the present record.  Therefore, the Court **ORDERS** Plaintiff to file a
16 | supplemental brief consistent with this Order on or before **September 2, 2021**.

17 |     **IT IS SO ORDERED**.

19 | Dated: August 20, 2021

_____
HON. MICHAEL M. ANELLO
United States District Judge