# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| D.C., a minor by and through his Guardian Ad Litem, HELEN GARTER,<br><br>Plaintiff,<br><br>v.<br><br>COUNTY OF SAN DIEGO, et al.,<br><br>Defendants. | Case No. 15-cv-1868-MMA (NLS)<br><br>**ORDER GRANTING PLAINTIFF'S MOTION TO FILE DOCUMENTS UNDER SEAL**<br><br>[Doc. No. 142] |

D.C., a minor, by and through his Guardian ad Litem, Helen Garter ("Plaintiff"), moves to file Exhibits 9–22 in support of his motion for partial summary judgment under seal. *See* Doc. No. 142. On August 20, 2021, the Court ordered Plaintiff to file a supplemental brief providing a compelling reason to seal each document identified in the motion. *See* Doc. No. 149 at 2.[1] On September 2, 2021, Plaintiff filed a supplemental brief in support of his motion to seal. *See* Doc. No. 153. The Court has reviewed the

---

[1] All citations to electronically filed documents refer to the pagination assigned by the CM/ECF system.

motion, documents, and supplemental brief in support of the motion.  For the following reasons, the Court **GRANTS** the motion to seal.

When presented with a request to file a document under seal, the Court begins with the strong presumption in favor of the "general right to inspect and copy public records and documents, including judicial records and documents." *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 597 (1978) (footnote omitted); *see also Kamakana v. City and Cnty. of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006).  "The presumption of access is 'based on the need for federal courts, although independent—indeed, particularly because they are independent—to have a measure of accountability and for the public to have confidence in the administration of justice.'" *Ctr. for Auto Safety v. Chrysler Grp., LLC*, 809 F.3d 1092, 1096 (9th Cir. 2016) (quoting *United States v. Amodeo*, 71 F.3d 1044, 1048 (2d Cir. 1995)).

As such, the burden on a motion to seal falls squarely on the movant. *Id.* (quoting *Kamakana*, 447 F.3d at 1178).  The moving party can only overcome the presumption by "'articulat[ing] compelling reasons supported by specific factual findings' . . . that outweigh the general history of access and the public policies favoring disclosure, such as the 'public interest in understanding the judicial process.'" *Kamakana*, 447 F.3d at 1178 (first quoting *Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1135 (9th Cir. 2003); and then quoting *Hagestad v. Tragesser*, 49 F.3d 1430, 1434 (9th Cir. 1995)).  "In turn, the court must 'conscientiously balance the competing interests' of the public and the party who seeks to keep certain judicial records secret." *Id.* at 1179 (quoting *Foltz*, 331 F.3d at 1135).  "What constitutes a 'compelling reason' is 'best left to the sound discretion of the trial court.'" *Ctr. for Auto Safety*, 809 F.3d at 1097 (quoting *Nixon*, 435 U.S. at 599).

In his supplemental brief, Plaintiff explains that Exhibits 9–22 should be sealed pursuant to a Juvenile Court Order dated September 21, 2018, and this Court's Protective Order of May 10, 2016.  *See* Doc. No. 153 at 2.  According to the Juvenile Court Order:

> 9. No records or information obtained shall be made part of any other court file that is open to the public, unless by court order or as allowed by law. If it is necessary for any records or information to become part of a court or other public agency file that is open to the public, such material shall be maintained in a separate sealed envelope, bearing the statement that the contents are juvenile court records and are available by judicial or administrative order only.

*Id.* Moreover, the Court's May 10, 2016 Protective Order states:

> 2. No document that was or will be ordered released by the juvenile court in response to the aforementioned section 827 petition(s) in this action and the related Evans action and which was or will be made part of the juvenile court's protective order shall be attached or made part of the public record in this civil action, or shall be made accessible to the public in any way. If a party wishes to file any such document, the document must be filed under seal. Pursuant to this Court's chambers rules, nothing shall be filed under seal, and the Court shall not be required to take any action, without separate prior order by the Judge before whom the hearing or proceeding will take place, after application by the affected party with appropriate notice to opposing counsel.

*Id.* (citing Doc. No. 31).

After balancing "the competing interests of the public and the party who seeks to keep certain judicial records secret[,]" *Kamakana*, 447 F.3d at 1179, the Court is satisfied that Plaintiff has met his burden on the motion to seal. As noted above, Exhibits 9–22 are documents released pursuant to a Juvenile Court Order mandating that the "records or information" obtained from the disclosure of juvenile court records should not "be made part of any other court file that is open to the public, unless by court order or as allowed by law." Doc. No. 153 at 2. This weighs in favor of sealing the documents. *See* Cal. Welf. & Instit. Code § 827; *see also Estate of Maldonado v. Sec'y of the Cal. Dep't of Corr. & Rehab.*, No. 2:06CV02696-MCE/GGH, 2007 U.S. Dist. LEXIS 91084, at *15–16 (E.D. Cal. Nov. 30, 2007) (reasoning that while Section 827 "could not purport to bind the federal courts . . . the privilege advanced by the state statute was a strong one, and . . . comity required that the state law be respected if at all possible given the needs of this

case."). Additionally, the nature of the investigation itself presents a compelling reason to seal these documents that outweighs the presumption in favor of public access. *See, e.g.*, *Warren v. Unknown*, No. 2:17-cv-02188 TLN AC PS, 2017 U.S. Dist. LEXIS 177933, at *7 (E.D. Cal. Oct. 25, 2017). Finally, many of the documents contain sensitive information about Plaintiff, a minor, which further supports sealing these documents. *See Demaree v. Pederson*, 887 F.3d 870, 885 (9th Cir. 2018) (finding that a district court "properly protected the privacy of [minors involved in the case] by maintaining under seal any motions or exhibits containing their full names or identifying information.").

Accordingly, good cause appearing, the Court **GRANTS** Plaintiff's motion to file documents under seal. The Court **DIRECTS** the Clerk of Court to file Exhibits 9–22 (Doc. No. 143) **UNDER SEAL.**

**IT IS SO ORDERED**.

Dated: September 24, 2021

_____
HON. MICHAEL M. ANELLO
United States District Judge