UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| D.C., a minor by and through his Guardian Ad Litem, HELEN GARTER,<br><br>　　　　　　　　　　　　　Plaintiff,<br><br>v.<br><br>COUNTY OF SAN DIEGO, et al.,<br><br>　　　　　　　　　　　　　Defendants. | Case No.: 15cv1868-MMA-NLS<br><br>**REPORT AND RECOMMENDATION TO APPROVE MINORS' COMPROMISE**<br><br>**[ECF No. 165]** |

　　　Petitioner Helen Garter, guardian ad litem for minor Plaintiff D.C., seeks an order approving a proposed settlement of D.C.'s claims against all Defendants. ECF No. 165. The Petition is unopposed. ECF No. 167. Because the settlement serves the minors' best interests, this Court **RECOMMENDS** that the Petition be **GRANTED**.

## BACKGROUND

　　　Plaintiff D.C. brought claims on his own behalf and on behalf of a prospective class, arising out of medical procedures, including examinations, that were performed on him at the County of San Diego's Polinsky Children's Center after he was removed from his mother's custody and control. ECF No. 165 at 2. Plaintiff claimed that the medical procedures, including the examination, were investigatory in nature, were performed without D.C.'s knowledge or consent, without court order, without exigent circumstances,

and without an opportunity for his mother to be present at the examination. Id. Plaintiff D.C. alleged that similar unconstitutional medical procedures, including examinations, were performed on other children at the Polinsky Children's Center. Id. There is no evidence that D.C. has sustained lasting injuries from the unconstitutional medical procedures, including examination, or from the removal and detention. Id. at 4.

On November 7, 2017, Plaintiff's Motion for Class Certification was denied. Id. The settlement discussed herein relates solely to D.C. Id. On October 6, 2021, a Mandatory Settlement Conference was held before Magistrate Judge Stormes. Judge Stormes made a settlement recommendation to the parties. ECF No. 158. On October 20, 2021, the County notified Plaintiff and the Court that the County Board of Supervisors had approved an offer to settle this action for $350,000 in exchange for dismissal of this action and waiver of Plaintiff's right to bring any subsequent claims against the County that may arise. ECF No. 165 at 3. Plaintiff agreed to accept this settlement proposal. Id. On October 25, 2021, the parties filed a Joint Notice of Settlement. ECF No. 159. Judge Stormes then requested that another magistrate judge be randomly assigned to handle the minor's compromise in this case. ECF No. 160. The below signed magistrate judge was randomly assigned. Id. On December 10, 2021, Plaintiff filed the instant Petition. ECF No. 165. On December 16, 2021, Defendant County of San Diego filed a notice that it will not file an objection to the proposed amounts in the Petition and will submit to the Court on this issue. ECF No. 167.

The terms of the settlement include: (1) $100,000 made payable to Structured Assignments SCC to fund future periodic payments to D.C.; (2) $153,540.42 in attorneys' fees to The Law Office of Donnie R. Cox; and (3) $96,459.58 in costs payable to The Law Office of Donnie R. Cox. ECF No. 165 at 3-4.

## **DISCUSSION**

District courts have "a special duty" to "safeguard the interests of litigants who are minors." Robidoux v. Rosengren, 638 F.3d 1177, 1181 (9th Cir. 2011). In the settlement context, that duty requires the court to "conduct its own inquiry to determine whether the settlement serves the best interests of the minor." Id. (citations omitted). The Court is

required to limit the scope of its review to "whether the net amount distributed to each minor plaintiff in the settlement is fair and reasonable, in light of the facts of the case, the minors' specific claim, and recovery in similar cases." Id. at 1182; see also Salmeron v. United States, 724 F.2d 1357, 1363 (9th Cir. 1983) (holding that "a court must independently investigate and evaluate any compromise or settlement of a minor's claims to assure itself that the minor's interests are protected, even if the settlement has been recommended or negotiated by the minor's parent or guardian ad litem").

The settlement of $100,000 to D.C. appears reasonable, especially given the amount approved in similar cases. See Mann et al. v. County of San Diego et al., No. 11-cv-0708-GPC-AGS (S.D. Cal. Feb. 25, 2020) (approving $50,000 each for four minors who experienced similar treatment as D.C.); Reynolds et al. v. County of San Diego et al., No. 11-cv-01256-JAH-AGS (S.D. Cal. July 8, 2020) (approving $35,000 per minor); see also B.R. v. County of Orange, No. 8:15-cv-00626-CJC-PJW, ECF No. 84, at 2 (C.D. Cal. Mar. 30, 2018) (approving $50,000 settlement for minor who was removed from mother's custody without cause, but who suffered no injury); Bruno v. County of Los Angeles, No. SACV 17-01301-CJC(JEx), ECF No. 71, at 4, 8 (C.D. Cal. July 18, 2019) (approving a settlement of $60,000 per minor for minors who were removed from their parents' custody and subjected to medical examinations and vaccinations without a warrant or parental consent); Xoss v. City of Los Angeles, No. 2:12-cv-1400-PSG-RZ, ECF No. 150, at 2 (C.D. Cal. Dec. 1, 2014) (approving total settlement of $122,959.80 for two minors who were removed from their parents' custody without a warrant).

Additionally, in California, courts are required to approve the attorney's fees to be paid for representation of a minor. See CAL. PROB. CODE § 2601. Attorney's fees and costs are typically controlled by statute, local rule, or local custom. See Napier by and through Quiroz v. San Diego County, No. 3:15-cv-00581-CAB-KSC, 2017 WL 5759803, at *3 (S.D. Cal. Nov. 28, 2017). To determine whether the fee is reasonable, courts consider: (1) the amount of the fee in proportion to the value of the services performed; (2) the novelty and difficulty of the questions involved and skills required; (3) the amount involved and

the results obtained; and (4) the experience and ability of the attorney. CAL. RULE OF CT. 7.955(b). In minor's compromise cases, "the district court should evaluate the fairness of each minor plaintiff's net recovery without regard to the proportion of the total settlement value designated for adult co-plaintiffs or plaintiffs' counsel – whose interests the district court has no special duty to safeguard." Robidoux, 638 F.3d at 1181.

Here, Plaintiff's attorney seeks $153,540.42 in attorney's fees and $96,459.58 in costs. ECF No. 165 at 3-4. This amount appears reasonable given the duration of this case, the amount of work performed by Plaintiff's experienced counsel, the work performed by experts, the results obtained, and the complexity of the issues. Accordingly, the Court **RECOMMENDS** that the Petition [ECF No. 165] be **GRANTED**. Any objections to this Report and Recommendation are due by January 6, 2022. See 28 U.S.C. § 636(b)(1). A party may respond to any such objection within 14 days of being served with it. See Fed. R. Civ. P. 72(b)(2).

**IT IS SO ORDERED**.

Dated:  December 21, 2021

Honorable Linda Lopez
United States Magistrate Judge